In the Matter of the ESTATE OF Mary Ellen Logan BENDTSEN.

No. 05–05–01531–CV.

Court of Appeals of Texas, Dallas.

July 12, 2007.

Rehearing Overruled Sept. 12, 2007.

Edwin Carl Olsen, IV, Dallas, for appellant.

Mark Douglas Cronenwett, R. Michael Northrup, Gregory J. Lensing, Cowles & Thompson, P.C., John R. Norris, III, Calloway, Norris, Burdette & Weber, Dallas, for appellee.

Before Justices O'NEILL, FITZGERALD, and MAZZANT.

## OPINION

Opinion by Justice MAZZANT.

Mary Ellen Logan Bendtsen died on March 2, 2005. Within hours of her death, Dixie Tidwell, appellant, filed in probate court a will executed on February 22, 2005, and a few hours later, Frances Giron, appellee, filed a will executed October 23, 2002. Giron filed a contest of the 2005 will and moved for summary judgment. The trial court granted Giron's motion for summary judgment, set aside the 2005 will, and admitted the 2002 will to probate. On appeal, Tidwell brings five issues asserting the trial court erred by (1) granting Giron's traditional motion for summary judgment; (2) reaching and granting Giron's no-evidence motion for summary judgment; (3) entering a "Mother Hubbard" clause in the order granting summary

judgment; (4) not granting Tidwell's motion to modify the judgment filed more than thirty days after the judgment; and (5) not permitting Tidwell to supplement the summary judgment record more than 105 days after the judgment. We affirm the trial court's judgment.[1]

## BACKGROUND

On October 23, 2002, Bendtsen executed a will leaving her entire estate to her only child, Giron, and naming Giron the executrix of her estate. On February 22, 2005, Bendtsen suffered a stroke and was taken to the hospital emergency room. Bendtsen's attorney prepared a will for her naming Tidwell executrix and leaving one chair to Giron,[2] her jewelry to Beatrice Grayson except for one brooch left to Rose Cline, and the remainder of her estate—which included an old and large but dilapidated house on the historic Swiss Avenue—to her "dear friends," Justin Burgess and Mark McCay. Bendtsen executed the will in the presence of the witnesses Tidwell and Cline. Their attempted attestation as witnesses, however, was the subject of the parties' dispute.

The testimonium clause, which was the last paragraph of the will before Bendtsen's signature, and the attestation clause and witnesses' signatures after the attestation clause appeared as follows:

IN TESTIMONY WHEREOF, I hereunto set my name to this, my Last Will and Testament, consisting of this and one preceding page, which I am also initialing for the purpose of identification, all in the presence of [Rose Cline] and [Dixie Tidwell], who witness the

same at my request on this the 22nd day of February, 2005.

{Mary Ellen Bendtsen}

The foregoing instrument, consisting of this and the preceding page, was signed, published and declared by MARY ELLEN LOGAN BENDTSEN, Testatrix, to be her Last Will and Testament, in our presence and we, at her request and in the presence of each other, have hereunto subscribed our names as witnesses this 22nd day of February, 2005.

{Dixie L.M. Tidwell}
WITNESS
{Rose M. Cline}
WITNESS

SUBSCRIBED AND SWORN TO before me by the said MARY ELLEN LOGAN BENDTSEN, Testatrix, and [Rose Cline] and [Dixie L.M. Tidwell] Witnesses, this 22nd day of February, 2005

{Marion Gibson}
Notary Public, State of Texas

(Names in "[ ]" were hand printed by Tidwell; names in "{ }" were signed by the person named.)

Despite the statements to the contrary, Tidwell's signature below the attestation clause was not entered in Bendtsen's presence, and the notary was not present when Bendtsen signed the will.

The witnesses testified to the manner in which the will was executed. Bendtsen signed the will in Tidwell's and Cline's presence while Tidwell filmed her signing. Then Tidwell put down the camera and

---

**1.** Giron also brings a conditional cross-point asserting the trial court erred in not reaching the no-evidence summary judgment grounds concerning Bendtsen's lack of testamentary capacity and testamentary intent in executing the 2005 will. However, because we affirm the trial court's summary judgment, we do not reach this conditional cross-point.

**2.** According to Tidwell's August 4, 2005 affidavit, this chair, a "cradle" rocking chair, was one Bendtsen knew Giron did not cherish.

wrote her name and Cline's name in the blanks in the testimonium clause. Cline then signed below the attestation clause. Tidwell and Cline then took the will to the notary's house where Tidwell signed below the attestation clause in the notary's presence but outside Bendtsen's presence. Cline signed the notary's book, and the notary confirmed that Cline's signature in the book matched the signature below the attestation clause.

Section 59 of the Texas Probate Code sets forth the requisites for a valid will. The relevant portion of that provision states,

> Every last will and testament, except where otherwise provided by law, shall be in writing and signed by the testator in person or by another person for him by his direction and in his presence, and shall, if not wholly in the handwriting of the testator, be attested by two or more credible witnesses above the age of fourteen years who shall subscribe their names thereto in their own handwriting in the presence of the testator.

TEX. PROB.CODE ANN. § 59 (Vernon 2003). Giron moved for traditional and no-evidence summary judgment asserting the will did not meet the requisites because Tidwell did not sign the attestation clause in Bendtsen's presence. Giron also moved for no-evidence summary judgment asserting Tidwell had no evidence Bendtsen signed with the necessary testamentary capacity and intent.

At the hearing on the motion for summary judgment, the trial court observed that the time for written discovery had passed but the time for depositions was still ongoing. The court initially determined it would reach the traditional summary judgment grounds, which concerned whether the statutory requisites for the will were met but that it would not reach the no-evidence issues. At the close of the summary judgment hearing, the trial court announced it granted summary judgment on the traditional grounds and on the one no-evidence ground that concerned whether the requisites were met. The court ordered the 2005 will set aside and admitted the 2002 will to probate.

## SUMMARY JUDGMENT

■ Tidwell's first and second issues assert the trial court erred in granting the motion for summary judgment. The standards for reviewing summary judgments are well established. *W. Inv., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex.2005). In a traditional motion for summary judgment under rule 166a(c), the movant must establish that there is no genuine issue of material fact so that the movant is entitled to judgment as a matter of law. *Id.* In reviewing a summary judgment, we consider the evidence in the light most favorable to the non-movant and resolve any doubt in the non-movant's favor. *Id.; Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). In a no-evidence motion for summary judgment under rule 166a(i), the movant asserts there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. TEX.R. CIV. P. 166a(i); *W. Inv., Inc.*, 162 S.W.3d at 550. "Unless the respondent produces summary judgment evidence raising a genuine issue of material fact, the court must grant the motion." *W. Inv., Inc.*, 162 S.W.3d at 550. When the trial court's summary judgment does not specify the basis for the ruling, we must affirm the judgment if any of the summary judgment grounds are meritorious. *Id.* When the appellant fails to brief one of the grounds for summary judgment, any error is waived as to the granting of that ground for summary judgment. *Smith v. Tilton*, 3 S.W.3d 77, 83, 87 (Tex.App.-Dallas 1999, no pet.); *see Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 120–21 (Tex.1970).

Tidwell's first issue challenges the trial court's granting of the traditional ground on whether the will met the statutory requisites.[3] The first issue did not concern the granting of the no-evidence motion.[4]

3. Tidwell's first issue states,

The trial court erred in granting summary judgment that Mary Ellen's Last Will should be set aside and denied probate on the basis that it did not comply with the formalities required by law, i.e., on "Traditional Grounds 1", and erred in not evaluating according to summary judgment standards the fact question of what the attesting witness's intent was in writing her name to Mary Ellen's Last Will in the presence of Mary Ellen.

4. At submission of the cause, the panel asked Tidwell's counsel if issue one concerned only the traditional ground or if it concerned both the traditional and no-evidence grounds. Tidwell's counsel, Edwin Olsen, told the panel that issue one concerned only the traditional ground and issue two concerned the no-evidence ground:

J. O'Neill: Issue one is just the traditional grounds; issue two is the no-evidence issue. Is that, is that right?
Mr. Olsen: That is correct, Your Honor.

\* \* \*

J. FitzGerald: In the Court of Appeals, right here, in your briefs, did you intend to and did you in fact challenge the trial court order on the no-evidence motion for summary judgment?
Mr. Olsen: Yes, Your Honor. That's issue two.

\* \* \*

J. FitzGerald: Are you saying the judge ruled on the no-evidence motion for summary judgment, and are you telling us you're challenging that here, on the merits, not on this he shouldn't have—let's call that procedural for just a second. . . .
Mr. Olsen: I'm saying two things. One, the judge did not actually enter a ruling in the court on anything other than traditional grounds. He erroneously interlineated in the order traditional grounds [sic]. That's an error even Judge Loving recognizes. But insofar as that order is before this Court and the Court is finding that he in fact did enter an order on no-evidence grounds, we are challenging it on the merits. And the basis for that—
J. Mazzant: Where do you do that in your—where do you do that?

Mr. Olsen: In issue 2, Your Honor, when I—we challenged the basis for the no-evidence ruling. At the August 12 hearing before Judge—
J. Mazzant: That's the procedural challenge, I mean. The standard we use there is did the judge abuse his discretion in reaching the merits of the no-evidence motion.
Mr. Olsen: Yes. And there is more than a scintilla of evidence before the trial court that should have led the trial court not to grant the no-evidence motion. That is reflected in-on page 28 of the August 12 hearing transcript where I specifically refer to the four affidavits that are presented to this Court by four witnesses who were there—
J. Mazzant: The question is for our appeal purposes here, where in your brief, where do we look to, is the only issue issue number 2 to what's before this Court?
Mr. Olsen: It's also issue number 5. Because Judge Loving made the ruling he did, the appellant did not get the supplementary affidavits that were executed on August 12 that are part of the appellate record attached to appellant's brief before the court and they specifically address the intent issue. And the fundamental point that I would like to call this Court's attention to is at page 8 of the August 12 transcript, the court states, "All right. I'm going to sustain Mr. Olsen's position relative to the premature nature of going into no evidentiary aspects of the motion for summary judgment. We will take up the issue as to the document offered for probate as the last will and testament, whether it properly is executed within the confines of the probate code, the law in the State of Texas." That was the ruling he made at the outset.
J. Mazzant: Let me ask you this. If we decide that the judge did not abuse his discretion, and you would agree that issues 2 and 5 deal with whether the judged abused his discretion?
Mr. Olsen: It's not limited to that. It's also that the evidence that the evidence before the court in the form of the affidavits is more than enough to—
J. Mazzant: Where in your issues does it say—raises more than a procedural issue?
Mr. Olsen: In issue 2, Your Honor, with regard to the no-evidence point and issue 5

Tidwell's second issue asserts the trial court erred in reaching the no-evidence ground because of the trial court's representation at the beginning of the summary judgment hearing that it would not consider the no-evidence grounds at that time.[5] However, the second issue does not assert that the no-evidence ground the court granted did not meet the standard for granting a no-evidence summary judgment. Thus, we must determine if the trial court erred in ruling on the no-evidence ground. If we conclude it did not err in reaching the no-evidence ground, then we must also conclude appellant waived the granting of the no-evidence ground due to appellant's failure to brief that ground. *See Smith,* 3 S.W.3d at 83, 87. Because the traditional and no-evidence grounds concerned the same problem, whether the will met the statutory requisites of section 59 of the probate code, we must affirm the granting of the motion for summary judgment if we conclude the trial court did not err in reaching the no-evidence ground.

From the hearing on the motion for summary judgment, it appears the trial court was unaware at the time it sustained Tidwell's objection to proceeding on the no-evidence grounds that one of the no-evidence grounds concerned the execution of the will. Instead, it appears the court thought the execution of the will was the traditional ground and the testamentary-capacity and testamentary-intent issues were the no-evidence grounds. Giron's counsel told the court, "the reality is, that we're talking about in our no evidence motion for summary judgment is that Ms. Bendtsen lacked testamentary capacity." Tidwell's counsel asserted more time was needed on the no-evidence grounds to depose expert witnesses concerning Bendtsen's testamentary capacity. The trial court then ruled, "All right. I'm going to sustain [Tidwell's counsel's] position relative to the premature nature of going into no evidentiary [sic] aspects of the motion for summary judgment. We will take up the issue as to the document offered for probate as the last will and testament, whether it was properly executed within the confines of the probate code, the law in the State of Texas." At the end of Giron's counsel's presentation, counsel stated, "I think that's all I have since you've sustained [Tidwell's counsel's] objections to our no evidence points.... We have a traditional ground and that's it, Your Honor...."

After the court heard the arguments, the court ruled on the motion and dis-

---

with regard to the supplementation of the summary judgment record.

\* \* \*

J. Mazzant: I'm still trying to understand this. Issue 2, point to me in your issue 2, where in your brief it points to the fact that you're raising an issue on the merits to the no-evidence motion. It seems like that goes to whether the judge abused his discretion when he ultimately decided and granted the motion on the no-evidence motion when he first—you said he granted that—your objection.

Mr. Olsen: That's in issue 5 specifically on the substance that the court should have granted leave which was denied in the timely filed motion for new trial which was filed within 30 days of entry of his order, it sought that if he was going to rule—purport to rule—on the no-evidence ground that he grant leave to make part of the summary judgment the August 12 affidavits of Tidwell, Cline, Burgess, and McCay.

5. Tidwell's second issue states,

The trial court erred in granting summary judgment that Mary Ellen's Last Will should be set aside and denied probate on any "no-evidence grounds", specifically Giron's "Paragraph III, No-evidence Grounds", because the trial court granted Tidwell's objection to the consideration of any of Giron's "no evidence" summary judgment motion components.

cussed the contents of an appropriate order as follows:

> The Court: The Court grants your motion for summary judgment on that issue. Do you have an order for the Court?
>
> [Giron's Counsel]: Yes, Your Honor.
>
> (PROFFERS DOCUMENT)
>
> The Court: Where it says that I grant it in its entirety, I didn't grant the motion for summary judgment in its entirety. I only granted it as to this issue, so, we'll need to change that.
>
> [Giron's Counsel]: I could say, Your Honor, before the Court, as Contestant's Motion for Summary Judgment having considered only the traditional ground in the motion, Plaintiff's Response—Contestant's reply the competent summary judgment evidence and the arguments of counsel, the Court has determined that the motion should be granted. It is therefore ordered, adjudged and decreed, that Contestant's Motion for Summary Judgment—that it is therefore ordered adjudged and decreed that the traditional summary judgment ground in Contestant's Motion for Summary Judgment is granted. And then strike out "in its entirety,"—that the application and the rest of it should all be the same, I would think.
>
> Would the Court like to see my delineations, what I just did on this draft of it?
>
> The Court: I'm not sure I'm going to put "traditional," I don't know. Let me think about it for a moment whether I want that term in here or not.
>
> [Giron's Counsel]: I'm saying traditionally, Your Honor, because in our motion we clearly delineated between our single traditional ground and three no evidence grounds. And Mr. Weber made the point too that we could sim-

> ply refer to Rule 166a(c) which is the traditional summary judgment rule, as opposed to 166a(i) which is no evidence rule.
>
> [Tidwell's Co–Counsel]: Your Honor, I would suggest we put in that the formalities were not complied with, you know, the—referencing the traditional ground.
>
> The Court: The Court has announced its ruling, granting the motion for summary judgment and to be specific in the order, as to paragraph three, no evidence grounds subparagraph (1) and traditional grounds (1).
>
> The Court, therefore, orders that the will is not admissible to probate and that will is set aside. It is so ordered. You can get a conformed copy of my order from my staff.
>
> Anything further from Counsel at this time?
>
> [Giron's Counsel]: No, Your Honor.

Tidwell's counsel then requested permission to probate the will as a nuncupative will, and the trial court stated that would require a separate motion.

 Tidwell first raised the issue of the judgment's ruling on the no-evidence motion in her September 12, 2005 motion for new trial and motion to modify, reform, or correct the judgment. This motion was overruled by operation of law seventy-five days after the judgment, that is, October 26, 2005. Generally, the denial of a motion for new trial is reviewed under an abuse-of-discretion standard. *In re R.R.*, 209 S.W.3d 112, 114 (Tex.2006) (per curiam); *El Dorado Motors, Inc. v. Koch*, 168 S.W.3d 360, 368 (Tex.App.-Dallas 2005, no pet.). Under this standard, we may not overrule the trial court's decision unless the trial court acted unreasonably or in an arbitrary manner, without reference to guiding rules or principles. *El Dorado Motors, Inc.*, 168 S.W.3d at 368. Every

reasonable presumption will be made on review in favor of the trial court's refusal of a new trial. *Id.* Review of a trial court's action under the abuse of discretion standard is a question of law. *Id.*

In this case, the record shows Tidwell objected to going forward on the no-evidence grounds because she needed more time to depose expert witnesses concerning Bendtsen's testamentary capacity. Tidwell did not tell the court she needed more time to prepare for the grounds concerning the execution of the will. Tidwell's response to the no-evidence portion of the motion for summary judgment concerns only the testamentary capacity and intent issues and does not concern the will-execution issue.[6] The trial court could reasonably have concluded that Tidwell was ready to proceed on all the grounds concerning the execution of the will and that the only grounds on which she was not ready to proceed were the no-evidence grounds concerning testamentary intent and capacity.

■ Appellant appears to argue she was harmed by the trial court's proceeding on the no-evidence issue because, she asserts, on the morning of the summary judgment hearing, she had filed supplemental affidavits that contained evidence of her intent to attest to the execution of the will when she wrote her name in the testimonium clause. She asserts that if she had known the trial court was going to reach the no-evidence issue on the requisites of the will, she would have asked the trial court to supplement the summary judgment record with those affidavits. Those affidavits, however, are not in the record before this

Court. Instead of citing to the record for the affidavits, Tidwell cites to the appendix of her brief, which contains affidavits from Tidwell, Cline, Burgess, and McCay dated August 12, 2005. Those documents are not file stamped and are not part of the clerk's record. Documents attached to briefs that are not part of the clerk's or reporter's records are not part of the appellate record and may not be considered by the reviewing court. *Cantu v. Horany,* 195 S.W.3d 867, 870 (Tex.App.-Dallas 2006, no pet.). We conclude the record does not show Tidwell was harmed by the trial court's proceeding to decide the no-evidence ground concerning the requisites of the will.

We conclude the trial court did not abuse its discretion in denying Tidwell's September 12, 2005 motion to modify, correct, or reform the judgment and motion for new trial concerning whether the trial court erred in granting the no-evidence summary judgment ground concerning the will's execution. We overrule Tidwell's second issue.

Having overruled Tidwell's second issue concerning whether the trial court erred in reaching the no-evidence ground concerning the will's execution, we must affirm the granting of the summary judgment because Tidwell has waived on appeal the issue of whether the trial court erred in granting the no-evidence ground for summary judgment. *See Smith,* 3 S.W.3d at 83, 87. We overrule Tidwell's first issue.

## POST–JUDGMENT MOTIONS

■ In her third issue, Tidwell asserts the trial court erred by including a

---

6. In the response to the motion for summary judgment, Tidwell objected to proceeding on the no-evidence grounds and then stated,

> In the event that this Court nevertheless does so [i.e., reaches the no-evidence grounds], Respondent notes that the four individuals present at Mary Ellen's bedside

all testify that Mary Ellen was of sound mind, that Mary Ellen knew that she (Mary Ellen) was engaged in executing a will on February 22, 2005, that Mary Ellen knew the effect that would happen by her executing her will, that Mary Ellen knew the general nature and extent of her property.

"Mother–Hubbard" clause [7] in the judgment because it foreclosed Tidwell from seeking compensation under section 243 of the probate code [8] for her expenses and reasonable attorney's fees. In her fourth issue, Tidwell asserts the trial court erred in ruling on February 12, 2006 that it lacked jurisdiction to correct judicial error in the August 12, 2005 judgment and that it lacked jurisdiction over Tidwell's December 22, 2005 motion. To preserve a complaint of error in the judgment, a party must inform the trial court of its objection in a timely filed motion to modify, correct, or reform the judgment, motion for new trial, or some other similar method. *Dal–Chrome Co. v. Brenntag Sw., Inc.,* 183 S.W.3d 133, 144 (Tex.App.-Dallas 2006, no pet.); *Arthur's Garage, Inc. v. Racal–Chubb Sec. Sys., Inc.,* 997 S.W.2d 803, 816 (Tex.App.-Dallas 1999, no pet.). Tidwell first raised these issues in her December 22, 2005 omnibus post-judgment motion, which included a "Motion to Modify, Correct, or Reform Judgment," a "Motion to Supplement Summary Judgment Record,"

and a "Motion for Probate Rule [sic] 243 Hearing." This motion was filed 132 days after the trial court signed the final judgment.

■ A motion for new trial or motion to modify, correct, or reform the judgment must be filed within thirty days of the signing of the final judgment. Tex.R. Civ. P. 329b(a); *Moritz v. Preiss,* 121 S.W.3d 715, 720 (Tex.2003). In this case, the December 22, 2005 motion was untimely because it was filed 132 days after the trial court signed the judgment. "A trial court's order overruling an untimely new trial motion cannot be the basis of appellate review, even if the trial court acts within its plenary power period." *Moritz,* 121 S.W.3d at 720. Because the December 22, 2005 motion to modify the judgment was not timely filed, we may not review the trial court's denial of the motion. [9] We overrule Tidwell's third and fourth issues.

■ In her fifth issue, Tidwell asserts the trial court erred in not permitting her to supplement the summary judgment rec-

---

7. The judgment stated,

> IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Order constitutes a Final Judgment with respect to the Application for Probate of Will and Issuance of Letters Testamentary filed in this cause by Dixie L.M. Tidwell. This Order disposes of all claims and all parties with respect to the Application for Probate of Will and Issuance of Letters Testamentary filed in this cause by Dixie L.M. Tidwell and this Order may be appealed.

8. Section 243 of the probate code, styled Allowance for Defending Will, provides:

> When any person designated as executor in a will or an alleged will, or as administrator with the will or alleged will annexed, defends it or prosecutes any proceeding in good faith, and with just cause, for the purpose of having the will or alleged will admitted to probate, whether successful or not, he shall be allowed out of the estate his necessary expenses and disbursements, in-

cluding reasonable attorney's fees, in such proceedings. When any person designated as a devisee, legatee, or beneficiary in a will or an alleged will, or as administrator with the will or alleged will annexed, defends it or prosecutes any proceeding in good faith, and with just cause, for the purpose of having the will or alleged will admitted to probate, whether successful or not, he may be allowed out of the estate his necessary expenses and disbursements, including reasonable attorney's fees, in such proceedings.

Tex. Prob.Code Ann. § 243 (Vernon 2003).

9. The supreme court applied rules of civil procedure 5, 329b(b), and 329b(e). Rule 329b states that its provisions apply to both motions for new trial and motions to modify, correct, or reform judgments. Tex.R. Civ. P. 329b. Thus, although the supreme court's language in *Moritz* mentioned only motions for new trial, we conclude its decision applies to both motions for new trial and motions to modify, correct, or reform judgments.

ord with additional affidavits prepared on August 12, 2005. Tidwell requested leave to supplement the summary judgment record in the September 12 motion for new trial and in the December 22, 2005 motion.[10]

The affidavits are not in the appellate record, and nothing shows the affidavits were filed in the trial court. Tidwell states in her brief that "[t]hese additional affidavits were never presented to the Court...." Because the affidavits are not in the appellate record, the record does not establish that the trial court abused its discretion in denying supplementation of the summary judgment record. We overrule Tidwell's fifth issue.

We affirm the trial court's judgment.

10. The December 22, 2005 motion, filed 132 days after the signing of the final judgment, was filed after the trial court's plenary power had expired. *See* Tex.R. Civ. P. 329b(e); *L.M. Healthcare, Inc. v. Childs,* 929 S.W.2d 442, 444 (Tex.1996) ("The trial court's plenary jurisdiction cannot extend beyond 105 days after the trial court signs the judgment."). The trial court correctly determined it lacked jurisdiction to rule on the motion.