Opinion issued June 17, 2010.

 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00204-CV

———————————

Moon Moehring, Appellant

V.

Carolyn
Lewis Myers and LAMARA D. LEWIS, INDEPENDENT EXECUTRIX OF THE ESTATE OF ARTHUR
RAY LEWIS, DECEASED,[1]Appellees



 



 

On Appeal from the 173rd District Court

Henderson County, Texas[2]



Trial Court Case No. 2006A-1111

 



 

MEMORANDUM  OPINION

          Appellant,
Moon Moehring, appeals from a judgment in favor of appellees, Carolyn Lewis
Myers and Lamara D. Lewis, independent executrix of the estate of Arthur Ray
Lewis, that granted appellees’ summary-judgment motion in their suit over
possession of and title to certain real property.  In three issues, Moehring contends that the
trial court erred in (1) failing to state in its order the grounds for its
ruling and (2) failing to direct that the disputed property be sold at public
auction, thereby circumventing foreclosure statutes and depriving her of due
process.  We affirm.

BACKGROUND

          In
August 2000, Moehring and Darvel Hutchins, who is not a party to this appeal,
signed a farm-and-ranch contract to purchase real estate in Henderson County,
Texas.  The purchase price was $90,000
and was owner-financed.  At the closing,
Moehring and Hutchins executed a $90,000 real-estate-lien note in favor of
appellees, to be paid in 35 monthly installments of $789.81 each from October
15, 2000 to September 15, 2003, with a balloon payment due at the end of that
period.  In exchange, appellees executed
a warranty deed, secured by a vendor’s lien and deed of trust.

          The
summary-judgment evidence favorable to Moehring indicated that appellees
verbally extended the monthly payment period until the summer of 2004, when
appellees refused to cash Moehring’s check. 
In September 2004, appellees gave notice of default and acceleration and
also notified Moehring and Hutchins that a non-judicial foreclosure sale would
occur in October 2004.  This sale never
occurred, however, as Moehring and Hutchins filed for bankruptcy protection.  At some point, Hutchins conveyed his interest
in the property to Alice Cooke, who is not a party to this appeal.

          In
October 2006, appellees sued Moehring and Cooke in trespass to try title,
seeking “a judicial declaration that they are the true owners of the Property”
and seeking “a constructive trust that the deeds [sic] to the Property are
being held by [Moehring and Cooke] in trust until such declaration.”  They later amended their petition to add
claims for breach of the note and suit for judicial foreclosure.  They sought damages, attorney’s fees,
“establishment and foreclosure of the vendor’s lien,” and an order of
sale.  Shortly after having amended their
petition, appellees moved for traditional summary judgment on their claims for
judicial foreclosure and breach of contract. 
They prayed that they “be granted summary judgment ordering the return
of the Property to [them] for sale or for the substitute trustee, the
appointment of a substitute trustee, the removal of [Moehring and Cooke] from
the real property,” the $88,336.68 remaining on the note, and attorney’s
fees.  

          After
appellees moved for summary judgment, Moehring and Cooke filed an amended
answer asserting a counterclaim that appellees breached the warranty deed for
having failed to provide marketable title because the only means of ingress and
egress belonged to another landowner. 
They alleged that the lack of marketable title had prevented their
obtaining financing to pay off the note to appellees.  They sought the value of improvements that
they had made to the property in reliance on that warranty, and they requested attorney’s
fees.  Moehring and Cooke’s
summary-judgment response, filed the same day as their answer, asserted the
same lack-of-marketable-title grounds as were alleged in their counterclaim and
asserted, “There is a genuine issue of material fact as to whether . . .
[appellees] were able to furnish a marketable title to [Moehring and Cooke] and
whether such failure if any was a breach of the farm and ranch contract and
also the promises and warranties . . . made in the vendors lien deed . . . .”  The response also requested that the trial
court “deny [appellees’] Motion for Summary Judgment in all things.”

          At
the summary-judgment hearing in September 2008, Moehring and Cooke’s counsel
advised that “[w]e don’t have any objection to . . . the Court granting the
Motion for Summary Judgment . . . .” 
Instead, counsel reminded the court that Moehring and Cooke had a
counterclaim for damages pending and requested that the court “allow us to
proceed with our cross-action [sic].” 
Appellees then suggested that the trial court render summary judgment
and later sever out the counterclaims; when the court asked Moehring and
Cooke’s counsel if “[t]hat’s what we ought to do,” counsel replied, “I think
so.”  The trial court then verbally
ruled, “The Court will grant the Plaintiffs’ Motion for Summary Judgment and
award the title and possession of the land to the plaintiffs, and also will
award, grant judgment for attorney’s fees.” 


          On
October 14, 2008, the trial court signed the summary-judgment order and also a
motion to sever Moehring and Cooke’s counterclaims.  The summary-judgment order recited:

. . . [T]he Court considered
[appellees’] Motion for Summary Judgment and having found the motion
well-founded, and that [Moehring and Cooke] have breached their contracts or
obligations . . . , and that [appellees] have performed their obligations and
for all the basis [sic] set forth in [appellees’] Motion for Summary Judgment,
the motion is Granted:

 

          It is Adjudged that [appellees] have and recover from
[Moehring and Cooke], jointly and separately, judgment for the following:

 

a.       [Appellees] to have immediate possession
of the property, to have a writ of possession for the property which is the
subject of this suit . . . ;

 

b.       [Moehring and Cooke’s] claims to
possession of the Property are found without merit;

 

c.       Attorney’s fees of $18,500.00, which the
Court takes judicial notice of being reasonable, and which were proven by
affidavit;

 

d.       Costs of litigation[;]

 

e.       Interest at the rate of 5% . . . from the
date of judgment until paid[;]

 

f.       [Appellees] receive a deed from the
substitute trustee vesting title in [appellees] immediately.

 

          It is ORDERED that [appellees] shall have all writs of
execution and other process necessary to enforce this judgment.

 

          All relief not expressly granted herein is denied.

 

          On
November 12, 2008, Moehring and Cooke moved for new trial.  They asserted that the summary-judgment
evidence did not support (1) “a Court’s ruling that a substitute trustee should
deed the property to [appellees]”; (2) a finding for immediate possession or
for a writ to enforce same; or (3) judicial foreclosure.  That motion was overruled by operation of law
near the end of December 2008, and the trial court lost plenary power 30 days
later.  See Tex. R. Civ. P.
329b(c), (e).  Only Moehring appeals.

DISCUSSION

          Moehring
contends that the trial court erred in rendering judgment that did not order any
judicial sale of the property, but instead instructed the substitute trustee
simply to issue a deed to appellees, depriving her of “the right to any offset
and excess the sale could have provided.” 
Moehring argues that the Property Code and Rules of Civil Procedure
provisions concerning judicial-foreclosure procedures do not allow such relief
for the claims on which appellees moved for summary judgment and that thus the
judgment “was structured in such a way that it did not conform to any of the underlying
causes of action.”  See Tex. Prop. Code Ann. §§ 51.004-.005 (Vernon 2007); Tex. R. Civ. P. 309, 647-48.  She further contends that the order violated
her rights to due process and due course of law under the federal and state
constitutions, respectively, for having ordered the relief that it did.  See U.S. Const. amend. XIV; Tex.
Const. art. I, § 19.  Lastly, she contends that the summary
judgment order “failed to conform to the pleadings in that it did not clearly
state the cause of action upon which it was basing its [sic] order.”

          The
essence of these complaints is that the trial court erred in awarding relief
that the law did not allow for the claims on which appellees had moved for
summary judgment.  This kind of complaint
must be preserved in some fashion.  See Washington v. Taylor, No.
01-08-00255-CV, 2010 WL 1571201, at *4 (Tex. App.—Houston [1st Dist.] Apr. 8,
2010, no pet. h.) (memo. op.) (holding that complaint that judgment, which was
rendered upon summary judgment and bench trial, that court erred in quieting
title in a declaratory-judgment action because trespass to try title action was
exclusive remedy, was waived for not having been raised below); Ortiz v. Collins, 203 S.W.3d 414, 427
(Tex. App.—Houston [14th Dist.] 2006, no pet.) (holding that complaint that
summary judgment was erroneous for including unrequested remedy of removing
notice of lis pendens was waived for failure to have been asserted below); In re Estate of Bendtsen, 230 S.W.3d
823, 831 (Tex. App.—Dallas 2007, pet. denied) (holding that complaint that
summary judgment order contained “mother hubbard” clause was waived for not
having been raised in post-judgment motion); see also Luna v. S. Pac. Transp. Co., 724 S.W.2d 383,  384 (Tex. 1987) (holding that, despite
language of Rule of Civil Procedure 324 that only listed complaints need to be
preserved by new-trial motion, party still had to preserve complaint concerning
error in judgment—there, to
improper apportionment of damages in judgment);  Dal-Chrome
Co. v. Brenntag SW, Inc., 183 S.W.3d 133, 145 (Tex. App.—Dallas 2006, no
pet.) (holding that complaint that court’s judgment was based on improper
offset applied before calculating damages in jury trial was waived for lack of
post-trial objection) In re L.M.I.,
119 S.W.3d 707, 711 (Tex. 2003) (holding
that due process challenge must generally be preserved); Mitchell v. Verizon Bus. Network Servs., Inc., No. 01-08-00132-CV,
2009 WL 1086951, at *4 (Tex. App.—Houston [1st Dist.] Apr. 23, 2009, no pet.)
(memo. op.) (applying same rule to due process challenge to granting of
summary-judgment motion).  

          None
of Moehring’s complaints was raised in the trial court before its plenary power
expired.  Her motion for new trial
asserted only that the summary-judgment evidence did not support the rendition
of judgment on certain grounds.  Moreover,
as for Moehring’s complaint that the summary-judgment order did not state its
reasons, nothing requires that a summary-judgment order do so.  See Reynolds
v. Murphy, 188 S.W.3d 252, 258-59 (Tex. App.—Fort Worth 2006, pet. denied)
(“We find no authority. . . requiring a trial court to specify the grounds upon
which it grants summary judgment.”).  

          For
these reasons, we overrule all of Moehring’s issues.  

CONCLUSION

          We
affirm the judgment of the trial court.

 

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Bland and Sharp.

 











[1]
          The parties’ appellate briefing
indicates that Arthur Ray Lewis is an appellee, but Mr. Lewis died before final
judgment below, and Lamara D. Lewis appeared below as his independent
executrix.

 





[2]
          The Texas Supreme Court
transferred this appeal from the Court of Appeals for the Twelfth District of
Texas.  Misc. Docket No. 08-9177 (Tex.
Dec. 15, 2008); see Tex. Gov’t Code Ann. § 73.001 (Vernon 2005)
(authorizing transfer of cases).