**Opinion issued October 31, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00856-CV

———————————

**ESTHER ANDERSON, PRINCIPAL OF BENSON & ANDERSON, P.C., Appellant**

**V.**

**MEGGIN MCCORMICK A/K/A MEGHAN MCCORMICK, ADMINISTRATRIX OF THE ESTATE OF MARILYN R. MCCORMICK A/K/A MARAHLYN R. MCCORMICK, DECEASED, Appellee**

---

On Appeal from the Probate Court No 2
Harris County, Texas
Trial Court Case No. 399762

---

*and*

———————————

## NO. 01-12-00857-CV

———————————

**ESTHER ANDERSON, PRINCIPAL OF BENSON & ANDERSON, P.C.,**
**Appellant**

**V.**

**TONY METOYER, GUARDIAN OF THE ESTATE OF G.M.M., A MINOR,**
**EVERETT MCCORMICK AND EVELYN MCCORMICK, Appellees**

---

**On Appeal from the Probate Court No 2**
**Harris County, Texas**
**Trial Court Case No. 399637-401**

---

**MEMORANDUM OPINION**

This is a consolidated appeal of an award of attorney's fees in two related cases. Both cases arose out of a boating accident in which Marilyn McCormick was killed, her minor son, G.M.M., was injured but survived, and the driver of the boat, James Pitcock, also survived. In the aftermath of the accident, litigation arose regarding the guardianship of G.M.M. and the administration of McCormick's estate. In addition, G.M.M., his mother's estate, and his family members sued Pitcock and the Williams Brothers Construction Company, Inc., for wrongful death and personal injuries. The parties to the tort litigation reached a settlement, and the probate court awarded fees to the lawyers involved.

Appellant Esther Anderson is a lawyer who represented G.M.M.'s biological father, Tony Metoyer, in connection with the guardianship proceeding. Anderson

appeals on her own behalf from the probate court's order awarding fees. Finding no error, we affirm.

## Background

The boating accident happened on September 5, 2010. The probate court initially appointed a temporary guardian for G.M.M.'s estate. Metoyer applied to be the permanent guardian, but McCormick's parents and sister contested Metoyer's application.

Metoyer retained the law firm of Vujasinovic & Beckcom, PLLC ("V&B") to represent him, under a written contingency fee agreement. According to Anderson, V&B, in turn, orally agreed that she would assist V&B in pursuing Metoyer's guardianship application. But Anderson has no written fee agreement with Metoyer.

Anderson performed work in connection with the guardianship litigation for about three months, from December 2010 until March 2011, at which point Anderson moved to withdraw as counsel for Metoyer. In connection with her work on the case, V&B paid Anderson a $20,000 retainer and an additional $5,304.40 in expenses.

Anderson thereafter filed a series of applications for additional fees in the probate court, eventually seeking $115,585.64 in fees and expenses, after

3

accounting for a credit of more than $8,000, which she stated had been paid to her by V&B.

In the interim, the parties to the tort litigation entered into a written agreement settling their disputes pursuant to Texas Rule of Civil Procedure 11. Each of the parties to the tort litigation signed the agreement, including Metoyer and Meggin McCormick, as administrator of the estate. A number of named "Attorney Parties," including Brian Beckcom of V&B, also signed it. Anderson, who had no role in the tort litigation, did not. The agreement established an "Escrowed Settlement Amount" of $750,000 for "the various claims for legal fees and expenses by the Attorney Parties and those claiming through them based on a contingency and/or quantum meruit [theory] relating to the settlement of the claims against Pitcock and the Total Gross Settlement Amount." The amount was conditioned on probate court approval.

On July 5, 2012, the probate court entered an order allocating the $750,000 Escrowed Settlement Amount among the attorneys and law firms who were named as "Attorney Parties" in the Rule 11 agreement and certain other attorneys claiming fees through the Attorney Parties. The order addressed Anderson's request for fees, on behalf of her firm, as well as a supplement to that motion. The probate court concluded that Anderson was "not entitled to any additional fees from the Escrowed Settlement Amount or from the Ward's Estate." The order

4

cites to the Texas Supreme Court case *Arthur Andersen and Co. v. Perry Equipment Corp.*, 945 S.W.2d 812, 817–19 (Tex. 1997), which identifies the factors that courts should consider when determining the reasonableness of an attorney's fees.

Five days later, on July 10, 2012, V&B filed a petition in intervention in the guardianship proceeding, naming Anderson and her firm as defendants and requesting a declaratory judgment that Anderson had been paid all fees owed to her, that her additional requested fees were unreasonable, and that she had performed unauthorized work. The petition in intervention was served on Anderson on or about July 12, 2012.

On July 26, 2012, the probate court entered a final judgment. The judgment stated that Metoyer and the other parties were responsible for the payment of their respective attorneys' fees and expenses and that the sums to be paid by or on behalf of G.M.M. were "free and clear of any attorney's fees, expenses, liens and other obligations." The judgment also stated that the probate court "has further found that no other attorneys, law firms, or other persons or entities are entitled to any fees, expenses, or remuneration of any kind beyond what is contained in the Court's order on fees and expenses."

Anderson brought two appeals to this court—one from the July 5 order and one from the final judgment—which we consolidated. She also sued V&B and its

5

principals in Harris County state district court, seeking a recovery of the same fees and expenses that she had requested from the probate court.

On appeal, Anderson raises two issues. First, she argues that improper language in the probate court's final judgment regarding attorney's fees estops her from bringing her separate breach of contract claims against V&B, in violation of her due process rights under the Constitution of the State of Texas. Second, she argues that the probate court abused its discretion in refusing to award her additional fees in the July 5 order. We address each issue in turn.

## Discussion

### I.   *Jurisdiction*

Before considering the merits of Anderson's issues, we are required to determine Anderson's standing to file this appeal, and whether we have jurisdiction over it. *N.Y. Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 678 (Tex. 1990). This appeal presents two jurisdictional issues: (1) whether Anderson has standing to appeal from either the July 5 order or the judgment, when she was not a party to the underlying litigation, and (2) whether Anderson has standing to appeal as against McCormick's estate.

Anderson appeared in the proceedings in the probate court by filing, on her own behalf, two applications for fees, a motion for payment of those fees, a motion to strike V&B's petition in intervention, and a motion to dismiss that petition for

6

lack of jurisdiction. The probate court adjudicated her applications and motion for fees in the July 5 order and the final judgment. We conclude that Anderson has standing to appeal the probate court's denial of her requests for attorney's fees.

Meggin McCormick challenges Anderson's standing to include the estate as an appellee in connection with her appeal. Because Anderson challenges an order that was entered in the estate proceedings that allocates attorney's fees to attorneys for Meggin McCormick as administrator of the estate, we hold that Anderson has standing to bring her appeal with respect to the estate, and the estate was properly named as an appellee.

## II. Scope of Probate Order

### A. Due process

In her first issue on appeal, Anderson asserts that the probate court's final judgment is overbroad and tantamount to a denial of her due process rights in her separate district court proceeding for breach of contract that she has filed against V&B. Anderson challenges the trial court's recital that the payments made by or on behalf of G.M.M. were "free and clear of any attorney's fees, expenses, liens and other obligations" and that "no other attorneys, law firms, or other persons or entities are entitled to any fees, expenses, or remuneration of any kind beyond what is contained in the Court's order on fees and expenses." According to Anderson, V&B has invoked the judgment in Anderson's separate district court lawsuit, in

support of V&B's assertion of affirmative defenses of res judicata and collateral estoppel.

But Anderson concedes that her breach of contract claim against V&B was not before the probate court when it entered this judgment, nor is her lawsuit against V&B before us in this appeal. The trial court's judgment was limited to resolving claims in the tort litigation against Pitcock and Williams Brothers, and it did not make any determination regarding the claims between Anderson and V&B. Rather, G.M.M. and the estate are the parties whose recoveries are free and clear of any claims for fees. Anderson acknowledges that she had no fee agreement with any party to the estate or guardianship proceedings. Nonetheless, Anderson asks that we modify the judgment by striking the portions of which she complains.

Metoyer and V&B respond that Anderson has waived her due process challenges to the judgment by failing to present her arguments in the probate court. "As a rule, a claim, including a constitutional claim, must have been asserted in the trial court in order to be raised on appeal." *Dreyer v. Greene*, 871 S.W.2d 697, 698 (Tex. 1993) (citing *Wood v. Wood*, 320 S.W.2d 807, 813 (Tex. 1959)); *Walker v. Emps. Ret. Sys.*, 753 S.W.2d 796, 798 (Tex. App.—Austin 1988, writ denied)). Even due process arguments must be presented to the trial court. *See*, *e.g.*, *In re L.M.I. & J.A.I*, 119 S.W.3d 707, 711 (Tex. 2003); *Ratsavong v. Menevilay*, 176 S.W.3d 661, 671 (Tex. App.—El Paso 2005, pet. denied) (due process arguments

8

waived when they were not brought to trial court's attention); *Santos v. Comm'n for Lawyer Discipline*, 140 S.W.3d 397, 404–05 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *McDonald v. State*, 693 S.W.2d 660, 661 (Tex. App.—Dallas 1985, no writ).

Anderson concedes that she failed to raise her due process arguments in the probate court, but argues that she was not obligated to present them because she was not allowed to participate in any evidentiary hearing or trial in which she could have presented the arguments. She further argues that the probate court judgment was entered without notice, depriving her of any opportunity to preserve her arguments. But even constitutional arguments, if never raised, may be waived at non-evidentiary stages of a proceeding, such as in briefing on a motion for summary judgment or in post-judgment briefing. *See*, *e.g.*, *Tex. Dep't of Protective & Regulatory Servs. v. Sherry*, 46 S.W.3d 857, 861 (Tex. 2001) (argument that purported father had constitutional right to be heard on his paternity claim was waived, where purported father failed to assert it in pleadings or in hearing on standing); *Dreyer*, 871 S.W.2d at 698 (holding that mother waived constitutional challenges to application of statute when trial court dismissed suit without hearing and mother failed to object); *Luna v. S. Pac. Transp. Co.*, 724 S.W.2d 383, 384 (Tex. 1987) (objections to final judgment that are not presented to trial court after judgment, such as in motion for new trial, are waived on appeal); *In*

*re Estate of Bendtsen*, 230 S.W.3d 823, 831 (Tex. App.—Dallas 2007, pet. denied) (a party fails to preserve objection to judgment if it does not "inform the trial court of its objection in a timely filed motion to modify, correct, or reform the judgment, motion for new trial, or some other similar method"); *Ortiz v. Collins*, 203 S.W.3d 414, 427 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (party must present a complaint regarding a final judgment to the trial court, such as by motion for new trial or motion to modify a judgment, or complaint is waived); *Lynch v. Port of Hous. Auth.*, 671 S.W.2d 954, 957 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.) (holding that a party's failure to raise due process argument in "written motion, answer or other response to a motion for summary judgment" resulted in waiver). Anderson does not contend that she failed to receive notice of the judgment, if not its entry. Yet, she did not file any objection to it on due process grounds in the trial court in any post-judgment briefing.

Because Anderson did not preserve her due process arguments in the trial court, we hold that she has waived them.

### B.    Fraud on a creditor

Anderson next argues that the probate court's final judgment constitutes fraud on a creditor, because it defrauds her and unnamed other attorney creditors of their right to recover from the parties to the Rule 11 agreement and specifically from V&B. Anderson did not raise this contention in the trial court, nor does she

cite any legal authority for this argument, nor does she point to references in the record to support her contentions. Texas Rule of Appellate Procedure 38.1(i) requires that an appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). We hold that Anderson has waived her fraud argument both by failure to preserve it below and by inadequate briefing.

### C. Impermissible findings of fact or conclusions of law

Finally, Anderson contends that the judgment contains findings of fact, in violation of Texas Rule of Civil Procedure 299a, and that the judgment's language regarding attorney's fees is also an improper conclusion of law. TEX. R. CIV. P. 299a ("Findings of fact shall not be recited in a judgment.") Anderson concedes that the July 5 order, not the final judgment, contains the trial court's consideration and final disposition of her request for fees. We hold that she has waived her challenge by failing to present it in the trial court.

## III. Attorney's Fees

In her second issue on appeal, Anderson contends that the probate court abused its discretion in its July 5 order by denying Anderson's request for additional attorney's fees and expenses out of the Escrowed Settlement Amount or G.M.M.'s estate, beyond those V&B had paid to her.

*Standard of Review*

11

We review an award of attorney's fees under an abuse of discretion standard. *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998) (applying abuse of discretion standard to statute stating that court "may" award attorney's fees). A trial court abuses its discretion in awarding attorney's fees if it acts arbitrarily, unreasonably, or without regard to guiding legal principles, or if its decision is not supported by legally or factually sufficient evidence. *Id.* at 21; *Charette v. Fitzgerald*, 213 S.W.3d 505, 512 (Tex. App.—Houston [14th Dist.] 2006, no pet.); *see also Volume Millwork, Inc. v. W. Hous. Airport Corp.*, 218 S.W.3d 722, 735 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) ("The reasonableness of an attorney's fee award generally presents a question of fact."). "As a general rule, the party seeking to recover attorney's fees carries the burden of proof." *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex. 1991) (citing *Kimbrough v. Fox*, 631 S.W.2d 606, 609 (Tex. App.—Fort Worth 1982, no writ); *Corpus Christi Dev. Corp. v. Carlton*, 644 S.W.2d 521, 523 (Tex. App.—Corpus Christi 1982, no writ); *Bavarian Autohaus, Inc. v. Holland*, 570 S.W.2d 110, 116 (Tex. Civ. App.—Houston [1st Dist.] 1978, no writ)).

Anderson's argument is based on Section 665B(a)(1) of the Texas Probate Code, which she claims obligated the probate court to award her fees for her representation of Metoyer. Section 665B provides, in relevant part, that

> (a) A court that creates a guardianship or creates a management trust under Section 867 of this code for a ward under this

12

chapter, on request of a person who filed an application to be appointed guardian of the proposed ward, an application for the appointment of another suitable person as guardian of the proposed ward, or an application for the creation of the management trust, may authorize the payment of reasonable and necessary attorney's fees, as determined by the court, to an attorney who represents the person who filed the application at the application hearing, regardless of whether the person is appointed the ward's guardian or whether a management trust is created, from:

(1) available funds of the ward's estate or management trust, if created . . . .

(b) The court may not authorize attorney's fees under this section unless the court finds that the applicant acted in good faith and for just cause in the filing and prosecution of the application.

TEX. PROB. CODE ANN. § 665B(a)(1) (West Supp. 2010).

Section 665B provides that the "court . . . *may authorize* the payment of reasonable and necessary attorney's fees, as determined by the court," not that an applicant under this section is entitled to such fees regardless of the circumstances. *Id.* (emphasis added). It is well-settled that statutes providing that a court "may" award attorney's fees are discretionary. *Bocquet*, 972 S.W.2d at 20 (collecting cases). Such a statute "affords the trial court a measure of discretion in deciding whether to award attorney fees or not." *Id.* (collecting cases). In contrast, a statute is mandatory if it provides that a party "may recover," "shall be awarded," or "is entitled to" attorney's fees. *Id.* (collecting cases). Mindful of the discretionary

13

nature of the probate court's ruling, we turn to Anderson's specific objections to the July 5 order.

*Analysis*

The July 5 order stated three reasons for denying Anderson's request for additional fees from the Escrowed Settlement Amount or from G.M.M.'s estate:

1. Esther Anderson was not a party to the [Rule 11] Agreement.

2. Esther Anderson did not request permission from the Court for Tony Metoyer, applicant for Guardian of the Estate, to retain her as additional counsel.

3. Esther Anderson has been paid by Vujasinovic & Beckcom, PLLC, the sum of $25,304.40 for her services on behalf of Tony Metoyer, which the Court finds, pursuant to the *Arthur Andersen* standards set forth above, to be a fair and reasonable fee for the services rendered to Tony Metoyer.

Anderson assigns error to each of these reasons. We examine whether the trial court's award was within its discretion, based on the applicable *Arthur Andersen* factors.

In assessing attorney's fees, a trial court should evaluate "the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly." 945 S.W.2d at 818. The majority of Anderson's argument regarding this factor focuses on Anderson's effort "to evidence the trial court's pre-existing opinions of her and of the legal services she provides for her clients." For example, Anderson asserts that the trial judge first

14

assigned to the guardianship proceeding recused himself based on Tony Metoyer's filings. In fact, the record reflects that the order of recusal was made *sua sponte*, without reference to filings by any party, and not to any work attributable to Anderson. The time entries in the record by Anderson and others at her firm are cryptic at best.

Anderson notes that both she and her law firm were precluded from working on existing cases or accepting other work during her work on this matter, both because of the nature of the proceedings and the urgency of the circumstances. In support, Anderson cites her motion for payment of fees and its attachments, which show the billed amounts of time for which Anderson and her firm sought to collect fees. But the trial court was within its discretion to evaluate this evidence in light of Anderson's limited role in the overall case, and the lack of any written agreement regarding fees or the scope of her work. In particular, Anderson acknowledges that Tony Metoyer refused to sign her applications for fees.

Anderson argues that her fees were reasonable based on the duration of her practice and the fact that there are no affidavits or other evidence specifically showing that her fees were not reasonable. But an attorney who fails to present evidence of the reasonable value of her services may not recover for those services under a *quantum meruit* theory. *Hoover Slovacek LLP v. Walton*, 206 S.W.3d 557, 565–66 (Tex. 2006); *see also Stewart Title*, 822 S.W.2d at 10 (party requesting

15

attorney's fees bears the burden of proof). Assuming that the bills attached to Anderson's applications and motion for fees constituted evidence of the reasonableness of the requested fees, the probate court judge was within its discretion to weigh that evidence against the scope of Anderson's engagement and the lack of a written agreement.

Although the non-monetary interests and indirect monetary stakes were significant, Anderson's work in this matter was limited to applying to have Metoyer appointed as G.M.M.'s guardian. According to Anderson, the following results are attributable, at least in part, to her work: Metoyer's appointment as guardian; authorization of Metoyer to retain V&B to pursue the tort litigation; creation of a Probate Code Section 867 trust for G.M.M.'s benefit; and settlement of the tort litigation "under the shadow" of a petition for writ of mandamus filed by Anderson in this court.

The record in the probate court does not bear out these contentions: it includes only a motion filed by Anderson to set aside the probate court's order appointing a temporary guardian. While the record contains an order appointing Metoyer as G.M.M.'s guardian, it does not contain any motion filed or prepared by Anderson requesting that relief, nor does that order refer to Anderson's motion to set aside the temporary guardianship. Similarly, there is no evidence in the record tying Anderson's work to any authorization to retain V&B to pursue the tort

16

litigation or to the creation of a Probate Code Section 867 trust. As for the petition to this court for writ of mandamus, we note that it was dismissed on Metoyer's motion on April 25, 2011—nearly a year before the tort litigation settled, after Anderson had requested permission to withdraw as Metoyer's counsel, and after the respondent named in the petition, the Honorable Rory Olsen, had recused himself from the guardianship proceeding. *In re Metoyer*, No. 01–11–00038–CV, 2011 WL 1647402, at *1 (Tex. App.—Houston [1st Dist.] Apr. 25, 2011, no pet.).

Anderson cites to portions of the record which reflect the nature and length of the tort litigation. The tort litigation lasted some twenty months, from September 2010 to April 2012, while Anderson's work on the guardianship proceeding spanned approximately three months. Anderson admits in her brief that she worked only on matters related to Metoyer's guardianship application, performed no work on the underlying tort litigation, was never sole counsel for Metoyer, and sought to withdraw as counsel for Metoyer more than a year before the tort litigation settled. Her primary relationship was with V&B. Based on our review of the record, we cannot find that the probate court abused its discretion in failing to award Anderson additional fees from the minor's estate or from the Escrowed Settlement Amount.

## IV.  *Sanctions*

Meggin McCormick has requested that this court sanction Anderson for bringing a frivolous appeal against the estate, under Texas Rule of Appellate Procedure 45 and Sections 9.011 and 10.001 of the Texas Civil Practice and Remedies Code.  Under Rule 45, if we determine that an appeal is "frivolous," we may "award each prevailing party just damages."  TEX. R. APP. P. 45.  Sections 9.011 and 10.001 of the Civil Practice and Remedies Code relate to the representations that an attorney makes when signing a pleading or motion under the Texas Rules of Civil Procedure.  Each of these statutes lists several such representations, and violation of either section is punishable by sanctions on the motion of a party or on the court's own motion.  TEX. CIV. PRAC. & REM. CODE ANN. §§ 9.011–.012, 10.001–.002 (West 2012).

McCormick argues that this appeal is frivolous because no reasonable attorney could conclude that we would find the estate liable to Anderson.  We observe, however, that the probate court's July 5 order was entered in both the estate and the guardianship proceeding, and it relieved the estate of any obligation for additional fees owed to Anderson.  Because the estate was a party to the Rule 11 agreement, and the estate's attorneys were awarded fees in the probate court's July 5 order, we decline to find that Anderson's appeals are frivolous.  Accordingly, we deny the motion for sanctions.

**Conclusion**

We hold that the trial court did not abuse its discretion in its orders awarding attorney's fees.  We further hold that any due process challenge to the scope of the attorney's fees orders was not preserved in the trial court.  We therefore affirm the judgment of the probate court.


Jane Bland
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.