

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00601-CV

**IN THE INTEREST OF D.A.M.**, et al., Children

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2012-PA-01733
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
Marialyn Barnard, Justice
Rebeca C. Martinez, Justice

Delivered and Filed:  December 11, 2013

AFFIRMED

This is an appeal from the trial court's order terminating appellants' parental rights to D.A.M, D.A.M., and D.A.M.  Appellants are the mother and one of the alleged fathers of the children.  The court-appointed appellate attorney for each of the appellants has filed a brief containing a professional evaluation of the record and demonstrating that there are no arguable grounds to be advanced.  Each of the attorneys concludes that the appeal for his respective client is frivolous and without merit.  The briefs meet the requirements of *Anders v. California*, 386 U.S. 738 (1967).  *See In re R.R.*, No. 04-03-00096-CV, 2003 WL 21157944, at * 4 (Tex. App.—San Antonio May 21, 2003, no pet.) (applying *Anders* procedure in appeal from termination of parental rights) (mem. op.); *see also In re K.M.*, 98 S.W.3d 774, 775 (Tex. App.—Fort Worth 2003, order) (same).  Each of the attorneys certified that a copy of the brief was delivered to his respective

client. The record establishes that appellants were advised of their right to examine the record and to file a *pro se* brief.

## *PRO SE* BRIEFS

The alleged father did not file a *pro se* brief; however the mother has filed a *pro se* brief. Most of the statements made in the mother's *pro se* brief are not supported by the appellate record. In addition, documents are attached to the brief which also are not contained in the record. This court is not permitted to consider matters outside the appellate record. *Fox v. Wardy*, 234 S.W.3d 30, 33 (Tex. App.—El Paso 2007, pet. dism'd w.o.j.); *In re A.D.A.*, 287 S.W.3d 382, 389 (Tex. App.—Texarkana 2009, no pet.); *In re Estate of Bendtsen*, 230 S.W.3d 823, 830 (Tex. App.— Dallas 2007, pet. denied).

### A. Mother's Absence from Trial

The mother initially contends that she was not informed of the trial date. The older child was removed by the Department in July of 2012, and the younger children, who are twins, were removed after their premature birth in September of 2012. In September, a status hearing and pretrial conference was held, and the case was set for a nonjury trial on May 23, 2013. The trial was subsequently reset to July 29, 2013. Although the mother's attorney announced not ready on July 29, 2013, no motion for continuance was filed, and no additional statements were made by the attorney in support of the "not ready" announcement. Moreover, Amy Howell, who had been the caseworker since September of 2012, testified as follows:

> Q. Okay. [Did] you have any contact with her [the mother] recently to let her know about this hearing?
> A. Yes. Well, we had our last parent/child visit I believe it was July 3rd.
> Q. Okay. And did she say anything to you about what she was planning to do in this lawsuit?
> A. No. I just told her that we were still planning on terminating her parental rights, and she was aware of that.

After ascertaining that the mother and the alleged fathers had been properly served, the trial court stated its reasons for proceeding with the trial as follows:

> Given the circumstances and this case has been pending a while, and I think I reset it once before from a May setting, and there being no extraordinary circumstances that would warrant delay to three very, very young children the Court's going to go forward in the best interest of the children today.

Even where a motion for continuance is filed, this court cannot "disturb a trial court's order denying a motion for continuance unless the trial court has committed a clear abuse of discretion," and a trial court abuses its discretion only when its decision is arbitrary and unreasonable. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002). Given the record before this court, we cannot hold that the trial court abused its discretion in proceeding with the trial in the mother's absence.

### B.     *Sufficiency of the Evidence*

The mother next challenges the sufficiency of the evidence to support the termination of her parental rights; however, once again, in considering this issue, this court can consider only the evidence contained in the appellate record. *Fox*, 234 S.W.3d at 33; *In re A.D.A.*, 287 S.W.3d at 389; *In re Estate of Bendsen*, 230 S.W.3d at 830.

To terminate parental rights pursuant to section 161.001 of the Family Code, the Department has the burden to prove: (1) one of the predicate grounds in subsection 161.001(1); and (2) that termination is in the best interest of the child. *See* TEX. FAM. CODE ANN. § 161.001(1), (2) (West Supp. 2013); *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). The applicable burden of proof is the clear and convincing standard. TEX. FAM. CODE ANN. § 161.206(a) (West 2008); *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002). "'Clear and convincing evidence' means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE ANN. § 101.007 (West

2008). We review the sufficiency of the evidence to support the termination of parental rights under the well-established standards for legal and factual sufficiency of the evidence. *See In re J.F.C.*, 96 S.W.3d at 266.

The trial court found the evidence sufficient to terminate the mother's parental rights under each of the following predicate grounds: (1) knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endanger the physical or emotional well-being of the children; (2) engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangers the physical or emotional well-being of the children; (3) constructively abandoned the children; and (4) failed to comply with the provisions of a court order that specifically established the actions necessary for the mother to obtain the return of the children. *See* TEX. FAM. CODE ANN. § 161.001(1)(D), (E), (N), (O) (West Supp. 2013). The trial court also found termination to be in the best interests of the children. *See id.* at § 161.001(2); *see also Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976) (listing factors to be considered in determining best interest of the child as including: (1) the desire of the child; (2) the present and future emotional and physical needs of the child; (3) the present and future emotional and physical danger to the child; (4) the parental abilities of the individuals seeking custody; (5) the plans held by the individual seeking custody for the child; (6) the stability of the home of the parent; (7) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and (8) any excuse for the acts or omissions of the parent).

Only two witnesses testified at trial. Gabrielle Hall was the caseworker on a previous case involving three of the mother's other children and primarily testified regarding her contact with the presumed father. Amy Howell, who as previously noted had been the caseworker since September of 2012, testified that the major concern leading to the removal of the children was domestic violence issues. Despite these issues, Howell testified that the mother continued to have

contact with the abusive boyfriend. With regard to her service plan, Howell testified that the mother had failed to provide her with proof of residence and employment. Howell believed the mother was then living in an apartment previously inhabited by some of her friends and that the mother had a habit of bouncing from place to place. In addition, the mother had visited with her children only nine of the twenty-four hours which the mother could have visited with them while the case was pending. Howell further testified that a recent psychological evaluation showed that the mother had mental health issues based upon which she was considered a high risk parent. The evaluation recommended a year or two of intensive therapy with little hope of the mother being able to resolve the concerns about her ability to care for her children. Howell further testified that the mother's honesty had been an issue in the case because the mother had a tendency to secrete facts regarding her case, including her contact with her abusive boyfriend and the identity of the children's father. Howell testified that she believed that one name the mother provided as being the alleged father was a "made-up person," and that Howell believed the father of the children was the abusive boyfriend. Howell further testified that the mother had not provided names of any family members for the possible placement of the children, and that the children were currently in foster-to-adopt homes.

## CONCLUSION

Having reviewed the record as a whole, we conclude the evidence is legally and factually sufficient to support the trial court's findings with regard to the termination of the mother's parental rights. Moreover, we agree that the appeals are frivolous and without merit. The order of the trial court is affirmed, and the motions to withdraw filed by appellants' attorneys are granted.

Catherine Stone, Chief Justice