

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-08-00134-CV

_____

IN THE INTEREST OF A.D.A. AND S.L.A., CHILDREN

On Appeal from the 115th Judicial District Court
Marion County, Texas
Trial Court No. 07-00108A

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

OPINION

In this procedural disaster, Kevin Shawn Armstrong, proceeding pro se,[1] appeals the final divorce decree appointing Stacy Dea Wooldridge, the Mother, sole managing conservator of A.D.A. and S.L.A., the children of Armstrong and Wooldridge. The Mother filed a petition in a suit affecting the parent-child relationship seeking to be appointed sole managing conservator of the children. The petition alleged that Armstrong had been convicted of a felony,[2] sought termination of Armstrong's parental rights, requested a permanent injunction prohibiting Armstrong from contacting Wooldridge or the children, and requested that a protective order be issued. Opal J. Woolridge,[3] the maternal grandmother, filed an intervention seeking to be appointed joint managing conservator.

The 115th Judicial District Court held a hearing (attended by Armstrong by teleconference) on November 7, 2007. At the hearing, Armstrong claimed to have evidence concerning the Mother's

---

[1] The law is well settled that "[a] party proceeding pro se must comply with all applicable procedural rules" and "is held to the same standards as a licensed attorney." *Weaver v. E-Z Mart Stores, Inc.*, 942 S.W.2d 167, 169 (Tex. App.—Texarkana 1997, no pet.). "On appeal, as at trial, the pro se appellant must properly present its case." *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied). We review and evaluate pro se pleadings with liberality and patience, but otherwise apply the same standards applicable to pleadings drafted by lawyers. *Foster v. Williams*, 74 S.W.3d 200, 202 n.1 (Tex. App.—Texarkana 2002, pet. denied).

[2] Wooldridge testified that Armstrong had been convicted of indecency with a child.

[3] The last names of the maternal grandmother and the mother are spelled differently in the record. For the remainder of this opinion, we will refer to Stacy Dea Wooldridge as the Mother and Opal J. Woolridge as the Grandmother.

2

drug use and her physical abuse of the children. However, despite these claims, Armstrong made no formal proffer of this evidence. The trial court, noting Armstrong had not been appointed counsel to represent him in the termination proceeding, stated that it was going to sever the action for termination from the divorce.[4] The Mother and Grandmother announced to the trial court they had reached an agreement that the Mother would be appointed sole managing conservator and the Grandmother would be appointed possessory conservator. The court then orally pronounced that it was granting the divorce, announced an intention to issue temporary orders appointing the Mother as sole managing conservator and the Grandmother as possessory conservator, and ordered the Mother to take a hair follicle drug test that day. The oral pronouncement went on to say that should the drug test reveal the use of illicit drugs, "I will ask the lawyers to call me immediately and I will sign an order . . . changing the conservatorship over to the maternal grandmother." Despite these oral pronouncements, the record contains no temporary orders prior to one signed by the 115th Judicial District Court on October 9, 2008.

---

[4]The order of severance provides "Movant's claim for Termination of Parental Rights of Kevin Shawn Armstrong and the Intervention for Conservatorship by Opal J. Wooldridge is hereby severed from this cause." As discussed below, any error in severing the termination proceedings has not been preserved for our review. To the extent this severance attempts to sever the Grandmother's intervention, the parties ignored the severance. The final decree provides that the Grandmother appeared as intervenor and appoints the Grandmother as joint managing conservator. We decline to address any error concerning severing the Grandmother's intervention and/or the conduct of all parties involved in ignoring the severance because no complaint has been raised or briefed on appeal.

3

On August 25, 2008, the judge of the 276th Judicial District[5] held a second hearing in this case, orally ordered the Mother to take a hair follicle drug test, and announced an intention to issue written temporary orders. The sole record of this hearing was the announcement of an agreement between the Mother and Grandmother and does not reflect that Armstrong attended or was made aware that it was to take place; no written orders were entered.[6]

On October 9, 2008, the judge of the 115th Judicial District signed a final decree of divorce, which appointed the Mother and Grandmother as joint managing conservators of the children and which contained a permanent injunction that enjoined Armstrong from approaching or contacting the Mother or the children.

---

[5]We take judicial notice that the 115th Judicial District and the 276th Judicial District have concurrent jurisdiction over Marion County. *See* TEX. R. EVID. 201; TEX. GOV'T CODE ANN. § 24.217 (Vernon 2004).

[6]The record contains temporary orders in the severed cause number signed by the 115th Judicial District on October 9, 2008—the same day the final decree was signed. These temporary orders provide that the court heard the motion for temporary orders on August 25, 2008. The record also contains temporary orders in the severed cause number signed by the 276th Judicial District on February 25, 2009, based on a hearing held on February 9, 2009, for which there is no record. The February 25, 2009, temporary orders also concern the conservatorship of the children at issue in this suit. Further, the record does not contain any motions to modify the final divorce decree and the substance of the temporary order does not suggest it is intended to be a modification. Because Armstrong's appeal is restricted to the final divorce decree, it is not necessary for us to further comment on the unusual circumstances created by issuing somewhat conflicting temporary orders in a separately-docketed lawsuit (albeit the order deals with the same subject matter as the original suit) after a final decree of divorce has been entered.

Armstrong raises five issues on appeal.[7] Armstrong complains in his first two issues that the trial court erred in failing to provide him with notice of the various hearings and in failing to give Armstrong the opportunity to be heard at a meaningful time and in a meaningful manner. In his third and fourth points of error, Armstrong argues that the trial court erred in issuing a protective order. Armstrong's fifth issue complains about the trial court's severance of the termination proceeding from the action for divorce. The sixth issue alleges the trial court abused its discretion in appointing the Mother sole managing conservator when "credible evidence was presented of a history of child neglect or abuse occurring . . . ." Armstrong's final issue claims that the children's attorney ad litem rendered ineffective assistance of counsel. We will address each issue in turn.

---

[7]Armstrong originally claimed to be appealing from the temporary orders. This Court dismissed the appeal for want of jurisdiction. Following the dismissal, Armstrong filed a motion for rehearing claiming to be appealing from the final decree. This Court reinstated Armstrong's appeal.

## I. Armstrong Has Failed to Show He Did Not Receive Notice

Armstrong argues that he failed to receive notice of numerous settings in this case.[8] In his first issue, Armstrong claims that the trial court erred in holding hearings without providing Armstrong with adequate notice. In his second issue, Armstrong claims the trial court erred in issuing a final divorce decree without first giving Armstrong the opportunity to be heard at a meaningful time and in a meaningful manner. Armstrong claims that the trial court's actions violated his rights to due process under the United States Constitution and due course of law under the Texas Constitution.

Although Armstrong objected to the adequacy of notice of the hearing on November 7, 2007, he failed to secure a ruling from the trial court on that objection. At the hearing, Armstrong, making his appearance by teleconference call, claimed he did not receive adequate notice of the hearing, asked for a continuance in order to have more time to prepare and file an answer, and requested the appointment of an attorney to represent his interests. Armstrong did not object to being restricted

---

[8]Armstrong also alleges he failed to receive notice of hearings that were allegedly held on October 9, 2008, and October 25, 2008. The record does not contain any indication that any additional hearings were held in this cause. The docket sheets contained in the record do not reference any additional hearings. Both court reporters have certified they have prepared all transcriptions requested by the parties. The record does not contain any evidence contrary to the court reporter's certifications. If the contested hearings were held, the record does not demonstrate Armstrong requested a transcription of those hearings. We must presume "that the omitted portions of the record support the trial court's judgment." *Davis v. Kaufman County*, 195 S.W.3d 847, 851 (Tex. App.—Dallas 2006, no pet.); *see Richards v. Schion*, 969 S.W.2d 131, 133 (Tex. App.—Houston [1st Dist.] 1998, no pet.); *see also Bennett v. Cochran*, 96 S.W.3d 227, 230 (Tex. 2002) (per curiam) ("absent a complete record on appeal, [the appellate court] must presume the omitted items supported the trial court's judgment").

to appearance by teleconference. The trial court informed Armstrong that an attorney ad litem had been appointed to represent the children,[9] but did not explicitly rule on his motion for continuance. In order to make certain that a complaint is preserved for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling. TEX. R. APP. P. 33.1(a); *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 241 (Tex. 1992). However, the action of the trial court in proceeding with the hearing in the face of the oral motion for continuance can be deemed by a reviewing court as implicit denial of the motion. TEX. R. APP. P. 33.1(a)(2)(A); *see Williams v. Bank One Texas, N.A.*, 15 S.W.3d 110, 114 (Tex. App.—Waco 1999, no pet.). Under these circumstances, we will construe the action of the trial court in continuing with the hearing after Armstrong had protested that he wanted a continuance as an implicit ruling that the motion for continuance was denied.

The decision to grant or deny a motion for continuance is within the trial court's sound discretion. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986); *State v. Crank*, 666 S.W.2d 91, 94 (Tex. 1984); *Hernandez v. Heldenfels*, 374 S.W.2d 196, 202 (Tex. 1963). Unless the record discloses a clear abuse of that discretion, the trial court's action in granting or refusing a motion for continuance will not be disturbed. *Villegas*, 711 S.W.2d at 626; *Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 292 n.142 (Tex. 2004). Further, generally, when movants fail to comply

---

[9]No such order is in the record and the attorney ad litem filed no pleadings on behalf of the children. However, he did appear at that hearing and signed his approval to some of the orders entered.

with Rule 251 of the Texas Rules of Civil Procedure's requirement that the motion for continuance be "supported by affidavit," we presume that the trial court did not abuse its discretion in denying the motion. *Villegas*, 711 S.W.2d at 626; *Garcia v. Tex. Employers Ins. Ass'n*, 622 S.W.2d 626, 630 (Tex. App.—Amarillo 1981, writ ref'd n.r.e.). Even though we acknowledge that under Armstrong's allegations that he had not had sufficient time to prepare, if true, he would also not have had sufficient time to have complied with the dictates of Rule 251, we likewise find nothing in the record to show any clear abuse of discretion by the trial court's denial of the oral motion for continuance.

Armstrong has failed to show he did not receive notice of the August 25, 2008, hearing. A party is entitled to a new trial when his failure to appear is due to a failure to receive notice of the trial setting. TEX. R. CIV. P. 245; *Vela v. Sharp*, 395 S.W.2d 66, 67 (Tex. Civ. App.—San Antonio 1965, writ ref'd n.r.e.). This is true regardless of whether his attendance would affect the ultimate outcome of the hearing. However, we presume a trial court will hear a case "only when notice has been given to the parties." *Campsey v. Campsey*, 111 S.W.3d 767, 771 (Tex. App.—Fort Worth 2003, no pet.). It is the appellant's duty to overcome this presumption. *Id*. "This burden may not be discharged by mere allegations, unsupported by affidavits or other competent evidence, that the appellant did not receive proper notice." *Id*. at 772. Armstrong did not file a motion for new trial or introduce any evidence in the trial court that he failed to receive notice of the hearings. Armstrong's allegations on appeal that he failed to receive notice are insufficient. *See* TEX. R. CIV. P. 324. Further, we note that the final decree of divorce was based upon the evidence produced at

8

the hearing in which Armstrong participated and there was no evidence produced at the hearing about which Armstrong complained of lack of notice. We overrule Armstrong's first and second issues.

## II. The Record Does Not Contain a Protective Order

Armstrong argues, in his third issue, that the trial court erred in issuing a protective order without an affirmative finding that family violence had occurred and that family violence was likely to occur again. "At the close of a hearing on an application for a protective order, the court shall find whether: (1) family violence has occurred; and (2) family violence is likely to occur in the future." TEX. FAM. CODE ANN. § 85.001(a) (Vernon 2008); *In re Epperson*, 213 S.W.3d 541, 542 (Tex. App.—Texarkana 2007, no pet.). Armstrong argues, in his fourth issue, that the trial court erred in issuing a protective order in the final divorce decree, rather than a separate document entitled "Protective Order." The Texas Family Code requires protective orders to be in a separate document entitled "PROTECTIVE ORDER." TEX. FAM. CODE ANN. § 85.004 (Vernon 2008); *In re Edwards*, 79 S.W.3d 88, 98 (Tex. App.—Texarkana 2002, no pet.).

It is clear, though, from the record and Armstrong's arguments that the order being complained of is not a protective order but is, rather, a permanent injunction. The divorce decree provides as follows:

> *Permanent Injunctions as to Persons*
> The Court finds that, because of the conduct of Kevin Shawn Armstrong, a permanent injunction against him should be granted as appropriate relief because there is no adequate remedy at law.

9

The permanent injunction granted below shall be effective immediately and shall be binding on Kevin Shawn Armstrong; on his agents, servants, employees, and attorneys; and on those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise.

IT IS ORDERED AND DECREED that Kevin Shawn Armstrong is permanently enjoined from:

1.     Causing physical contact or bodily injury to Stacy Dea Armstrong or threatening Stacy Dea Armstrong with imminent bodily injury.

2.     Communicating in person, by telephone, or in writing with Stacy Dea Armstrong.

3.     Coming within 500 feet of, entering, or remaining on the premises of the residence of Stacy Dea Armstrong, or place of employment of Stacy Dea Armstrong for any purpose.

4.     Interfering in any way with the Managing Conservator's possession of the children or taking or retaining possession of the children, directly or in concert with other persons.

5.     Coming within 500 feet of, entering, or remaining on the premises of the children's day-care facility or school, about which Kevin Shawn Armstrong receives written notice.

A permanent injunction and a protective order are distinct remedies. Section 81.008 of the Texas Family Code provides that the remedies contained in that subtitle are cumulative of the common law. *See* TEX. FAM. CODE ANN. § 81.008 (Vernon 2008). The Dallas Court of Appeals has noted

> Although the family code does not speak to permanent injunctions, we have identified many Texas cases that address final orders in family law matters or divorce decrees that incorporate permanent injunctions. We find no bar to incorporating language of injunction into a divorce decree.

*Peck v. Peck*, 172 S.W.3d 26, 35 (Tex. App.—Dallas 2005, pet. denied) (citations omitted). Because the complained-of order is a permanent injunction and not a protective order, the order need not

10

comply with the statutes governing protective orders. Armstrong's third and fourth issues are overruled.

### III.    Any Error In Severing the Termination Proceedings Is Not Preserved for Review

Armstrong did not object to the severance of the termination proceedings at the November 7, 2007, hearing, although the trial court announced that it was going to take that course of action.[10] Any error concerning the severance is not preserved for appellate review. *See* TEX. R. APP. P. 33.1; *Mulvey v. Mobil Producing Tex. & N.M., Inc.*, 147 S.W.3d 594, 608–09 (Tex. App.—Corpus Christi 2004, pet. denied); *Guerra v. Tex. Dep't of Protective & Regulatory Servs.*, 940 S.W.2d 295, 299 (Tex. App.—San Antonio 1997, no pet.). Armstrong's fifth issue is overruled.

### IV.    The Trial Court Did Not Abuse Its Discretion In Appointing Joint Managing Conservators

Armstrong argues, in his sixth issue, that the trial court abused its discretion in appointing the Mother and Grandmother joint managing conservators because there was credible evidence the Mother had neglected and abused the children. The trial court's determination of conservatorship is reviewed under an abuse of discretion standard. *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982); *Doyle v. Doyle*, 955 S.W.2d 478, 480 (Tex. App.—Austin 1997, no pet.). In a review applying an abuse of discretion standard, the legal and factual sufficiency of the evidence are not independent grounds of error, but are treated as relevant factors in assessing whether the trial court

---

[10]In his appellate brief, Armstrong asserts that he agreed to the severance, but did not fully understand the consequences of that agreement. The record, however, supports a conclusion that Armstrong implicitly agreed to the severance.

11

abused its discretion. *In re Bertram*, 981 S.W.2d 820, 822 (Tex. App.—Texarkana 1998, no pet.); *In re Driver*, 895 S.W.2d 875, 877 (Tex. App.—Texarkana 1995, no writ).

The evidence to which Armstrong makes reference in his brief was not presented as evidence at the trial court but is only found contained in the appendix to his appellate brief; therefore, it is not part of the record on appeal. We cannot consider documents that are not part of the record which are attached as appendices to briefs. *WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 465 n.23 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). Based on the record before this Court, there is no evidence that the Mother abused or neglected the children. We overrule Armstrong's sixth issue.

## V. The Issue of Whether the Attorney Ad Litem Rendered Ineffective Assistance of Counsel Is Inadequately Briefed And Harmless

In his last issue, Armstrong argues that the attorney ad litem rendered ineffective assistance of counsel because Armstrong claims that the attorney ad litem failed to investigate the various allegations of abuse or neglect, that Armstrong maintains had occurred. The only authority cited by Armstrong in his support is *Strickland v. Washington*, 466 U.S. 668 (1984), which applies to criminal cases. Armstrong has provided a brief neither as to the issue of the standards to apply in determining what constitutes ineffective assistance of counsel in this kind of case, nor to explain how he is supposed to have standing to complain about the performance of the attorney ad litem for his children. The Texas Rules of Appellate Procedure require an appellant's brief to contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the

record." TEX. R. APP. P. 38.1(i).  It is not the proper role of this Court to create arguments for an appellant—we will not do the job of the advocate. *See Maranatha Temple, Inc. v. Enter. Prods. Co.*, 893 S.W.2d 92, 106 (Tex. App.—Houston [1st Dist.] 1994, writ denied).  Further, even if Armstrong had standing, Armstrong has failed to show how any alleged error caused him harm. *See In re Baby Boy R.*, 191 S.W.3d 916, 922 n.2 (Tex. App.—Dallas 2006, pet. denied) (citing TEX. R. APP. P. 44.1(a)(1)).  We overrule Armstrong's seventh issue.

## VI.    Conclusion

Initially, this appeal was dismissed by this Court because it first appeared that Armstrong was attempting to appeal a temporary order in either the original case or the severed matter.  After Armstrong explained in an application for rehearing that he was attempting to appeal the final decree of divorce in the original case and not the very similar temporary orders in the severed case (or, for that matter, temporary orders apparently entered in the primary case subsequent to the entry of the final decree, some of which were entered even after appeal was perfected), it was reinstated. Armstrong's confusion about the matter is quite understandable, as the entirety of the two cases are weighed down in a procedural and substantive morass which almost defies explanation.  While we do not endorse the procedures in this case, Armstrong has failed to show reversible error on the issues which he has presented us.  Armstrong failed to preserve any complaint concerning his motion for a continuance and failed to introduce proof of insufficient notice of the trial settings in the trial court.  The divorce decree does not contain a protective order, but rather contains a permanent

13

injunction which is not required to comply with the statutes governing protective orders. Any error concerning the severance is not preserved for review and the trial court did not abuse its discretion in appointing the Mother and Grandmother joint managing conservators of the children. Finally, the issue of whether the attorney ad litem rendered ineffective assistance of counsel is inadequately briefed.

We affirm.

Bailey C. Moseley
Justice

Date Submitted:     May 14, 2009
Date Decided:       May 28, 2009

14