*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*


# MEMORANDUM OPINION

No. 04-09-00389-CV

## IN THE INTEREST OF M.N.D.L.Z., A CHILD

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-PA-00615
Honorable Richard Garcia, Associate Judge Presiding

Opinion by:     Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Steven C. Hilbig, Justice

Delivered and Filed: March 31, 2010

AFFIRMED

This is an appeal from the trial court's order terminating Michael D.'s parental rights to his child, M.N.D.L.Z.[1] The trial court terminated Michael's parental rights to M.N.D.L.Z following a non-jury trial, and Michael subsequently filed a motion for new trial and statement of appellate points. The trial court found Michael's appellate points to be frivolous and denied his motion for new trial. On appeal, Michael contends his appeal is not frivolous because the evidence is legally and factually insufficient to support the trial court's finding: (1) he committed any of the grounds for termination enumerated in the Family Code; and (2) termination is in the best interest of

---

[1] To protect the privacy of the parties in this case, we identify the child by his initials and the child's father by his first name only. *See* TEX. FAM. CODE ANN. § 109.002(d) (Vernon 2009).

M.N.D.L.Z. Michael also contends his appeal is not frivolous because he received ineffective assistance of counsel during the termination proceeding. We affirm.

### FRIVOLOUS APPEAL

Once a trial court determines an appeal is frivolous, the scope of appellate review is statutorily limited to a review of the trial court's frivolousness finding. TEX. FAM. CODE ANN. § 263.405(g) (Vernon 2009). We review a trial court's finding of frivolousness under an abuse of discretion standard. *De La Vega v. Taco Cabana, Inc.*, 974 S.W.2d 152, 154 (Tex. App.—San Antonio 1998, no pet.). "In determining whether an appeal is frivolous, 'a judge may consider whether the appellant has presented a substantial question for appellate review.'" *In re K.D.*, 202 S.W.3d 860, 866 (Tex. App.—Fort Worth 2006, no pet.) (citations omitted). "It is well established, however, that a proceeding is 'frivolous' when it 'lacks an arguable basis either in law or in fact.'" *De La Vega*, 974 S.W.2d at 154 (citations omitted).

A trial court may involuntarily terminate the parent-child relationship if it finds by clear and convincing evidence that: (1) the parent has committed at least one of the grounds for involuntary termination enumerated in section 161.001(1) of the Texas Family Code; and (2) termination is in the best interest of the child. TEX. FAM. CODE ANN. § 161.001 (Vernon 2009); *In re J.L.*, 163 S.W.3d 79, 84 (Tex. 2005). Although the two elements must be proven independently, "the same evidence may be probative of both issues." *In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2002). Clear and convincing evidence is defined as "the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE ANN. § 101.007 (Vernon 2009).

**A. Statutory Grounds for Termination**

The trial court found by clear and convincing evidence that Michael had committed four of the grounds for termination listed in section 161.001(1) of the Texas Family Code. Specifically, the trial court found appellant had violated subsections D, E, F, and R of the statute. *See id.* § 161.001(1). Section 161.001 provides a court may terminate the parent-child relationship if the court finds by clear and convincing evidence that the parent has:

> (D) knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child;
>
> (E) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child;
>
> (F) failed to support the child in accordance with the parent's ability during a period of one year ending within six months of the date of the filing of the petition; . . . .
>
> (R) been the cause of the child being born addicted to alcohol or a controlled substance, other than a controlled substance legally obtained by prescription, as defined by Section 261.001.

*Id.* Importantly, only one predicate finding under section 161.001(1) is necessary to support a judgment of termination. *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003).

We believe there is sufficient evidence in the record to support the trial court's endangering-conduct finding under subsection E. Endangerment, as that term is used in the statute, means "to expose [a child] to loss or injury; to jeopardize." *Tex. Dep't of Human Servs. v. Boyd*, 727 S.W.2d 531, 533 (Tex. 1987). Under subsection E, the relevant inquiry is whether evidence exists that the endangerment of the child's physical or emotional well-being was the direct result of appellant's conduct, including acts, omissions, or failures to act. *In re J.T.G.*, 121 S.W.3d 117, 125 (Tex. App.—Fort Worth 2003, no pet.). Termination under subsection E must be based on more than a

single act or omission; a voluntary, deliberate, and conscious course of conduct by the parent is required. *Id.* It is not necessary, however, that the parent's conduct be directed at the child or that the child actually suffer injury. *Id.* "The specific danger to the child's well-being may be inferred from parental misconduct standing alone." *In re R.W.*, 129 S.W.3d 732, 738 (Tex. App.—Fort Worth 2004, pet. denied). Courts may look to parental conduct occurring both before and after the child's birth when determining whether termination based on endangerment is necessary. *In re D.M.*, 58 S.W.3d 801, 812 (Tex. App.—Fort Worth 2001, no pet.). "Drug use and its effect on a parent's life and his ability to parent may establish an endangering course of conduct." *In re R.W.*, 129 S.W.3d at 739.

The evidence at trial showed Michael worked in a methamphetamine laboratory and continuously struggled with drug abuse throughout the years prior to M.N.D.L.Z's birth. Michael testified he had used methamphetamine for approximately 15 years and used the drug with his wife while she was pregnant with M.N.D.L.Z.[2] Although Michael insisted he had started to turn his life around following the birth of his son, he tested positive for drugs on two different occasions during the time period he was trying to effectuate a reunification with his child.[3] In addition, the record

---

[2] M.N.D.L.Z. was born prematurely and showed symptoms of drug withdrawal.

[3] Michael tested positive for drugs in both February and May 2009. The record shows Michael's last positive hair follicle test occurred about a month before trial. We note that Michael objected when several of the witnesses testified about his positive hair follicle tests during trial. Although Michael's attorney objected to several instances where the witnesses testified about Michael's hair follicle tests, he failed to object to similar testimony from CASA volunteer David Watkins. It is well settled that error in the admission of evidence is deemed harmless and is waived if the objecting party subsequently permits the same or similar evidence to be introduced without objection. *Volkswagen of Am., Inc. v. Ramirez*, 159 S.W.3d 897, 907 (Tex. 2004).

shows Michael failed to report for several drug urinalysis appointments and left other appointments early. The aforementioned evidence supports the trial court's finding that Michael had engaged in conduct that endangered M.N.D.L.Z.'s physical or emotional well-being. *See In re T.N.S.*, 230 S.W.3d 434, 439 (Tex. App.—San Antonio 2007, no pet.) (recognizing that a history of drug addiction may establish an endangering course of conduct even if parent is drug-free at time of trial). Consequently, we conclude the trial court did not abuse its discretion by concluding Michael's section 161.001(1)(E) sufficiency challenge is frivolous. Because the record supports the trial court's finding as to section 161.001(1)(E), we need not address Michael's complaints concerning subsections D, F, and R.

## B. Best Interest of the Child

Having determined the record supports the trial court's finding that Michael engaged in conduct in violation of at least one section of the Family Code, we turn to the second prong for involuntary termination of the parent-child relationship: whether "termination is in the best interest of the child." *See* TEX. FAM. CODE ANN. § 161.001(2). Factors a trier of fact may consider in determining the best interest of the child include: (1) the desires of the child; (2) the emotional and physical needs of the child now and in the future; (3) the emotional and physical danger to the child now and in the future; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals to promote the best interest of the child; (6) the plans for the child by these individuals or by the agency seeking custody; (7) the stability of the home or proposed placement; (8) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). These factors are not exhaustive, and undisputed

evidence of just one factor may be sufficient in a particular case to support a finding that termination is in the best interest of the child. *In re C.H.*, 89 S.W.3d at 27.

Reviewing the record in light of these factors, evidence exists to support the trial court's finding that termination is in the best interest of M.N.D.L.Z. The record reveals M.N.D.L.Z. suffers from mental and physical impairments and "requires more attention than other children his age." For example, M.N.D.L.Z. receives regular treatment for his cognitive delays and must undergo physical therapy treatments twice daily to help alleviate his stiff muscles. The trial court heard evidence that M.N.D.L.Z. has bonded with his foster parents, who are nurturing the boy and satisfying all of his physical and emotional needs. Although the trial court heard evidence indicating Michael interacted appropriately with his son during his visits and that he "wants to be a good father," Michael offered no specific plans for caring for M.N.D.L.Z. if returned to his care. The trial court also heard one of M.N.D.L.Z.'s caseworkers testify that he believed the child's father has yet to place the priorities of the child above himself. The record reveals Michael missed as many as 10 of his 30 scheduled visits with M.N.D.L.Z. and has not paid his court-ordered child support payments. Lastly, the record demonstrates Michael's drug use continued even though his future with M.N.D.L.Z. hinged upon his avoidance of drugs. *See In re M.R.*, 243 S.W.3d 807, 820 (Tex. App.—Fort Worth 2007, no pet.) (recognizing drug abuse is a factor in the analysis of child's best interest). On this record, we cannot say the trial court abused its discretion by concluding Michael's "best interest" sufficiency challenge is frivolous.

## C. Ineffective Assistance of Counsel

Finally, Michael alleges he received ineffective assistance of counsel at the termination proceeding. Michael correctly cites authority for the proposition that parents are entitled to effective

counsel at a termination proceeding, *see In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003), but otherwise fails to properly advance his argument. *See* TEX. R. APP. P. 38.1(i) (requiring an appellant's brief to contain a clear and concise argument for the contentions made). Michael's brief broadly asserts trial counsel's performance was deficient without identifying any specific acts or omissions by counsel. "It is not the proper role of this Court to create arguments for an appellant— we will not do the job of the advocate." *In re A.D.A.*, 287 S.W.3d 382, 390 (Tex. App.—Texarkana 2009, no pet.) (rejecting appellant's claim of ineffective assistance of counsel due to inadequate briefing). Because Michael has not provided sufficient explanation or analysis demonstrating he is entitled to appellate relief on the ground of ineffective assistance of counsel, we must overrule his contention on appeal.

## CONCLUSION

We conclude the trial court properly found Michael's appeal is frivolous because there are no substantial questions for appellate review. Having determined that the trial court did not abuse its discretion, we affirm the trial court's order of termination.

Catherine Stone, Chief Justice