Reversed and Remanded and Memorandum Opinion filed July 6, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO.  14-09-00487-CV

___________________

 

 

In the Interest of S.D.A., a Child



 

 



 

On
Appeal from the County Court at Law No.  3

Galveston County,
Texas



Trial Court Cause No.  08-FD-0037

 



 

 

MEMORANDUM OPINION

Alvin D. Amos appeals from a final
judgment denying his petition to modify the parent-child relationship with his minor
daughter, S.D.A.  In his lawsuit, Amos sought, among other things, to be named
the parent entitled to determine S.D.A.’s legal residence.  Judy LeBlanc
contested the petition.  Amos’s counsel failed to appear for trial, and trial
proceeded with Amos’ representing himself.  The trial court denied the petition
to modify and awarded attorney’s fees to LeBlanc’s attorney and to the court-appointed
amicus attorney.  In four issues on appeal, Amos contends that: (1) the trial
court erred in refusing to grant a continuance and requiring him to proceed pro
se; (2) the award of attorney’s fees to LeBlanc’s attorney was not supported by
proper evidence; (3) the award of fees to the amicus attorney was not supported
by proper evidence; and (4) the court erred in the judgment by characterizing
the award of attorney’s fees to the amicus attorney as “child support arrearage.” 
We reverse and remand for further proceedings in accordance with this opinion.

Background

In late 2007, Amos filed a suit to modify the parent-child
relationship, seeking to be named the parent responsible for establishing the
legal residence of the child.[1]
 In his pleadings, Amos made several allegations against LeBlanc, including neglect
and physical abuse of S.D.A.  He additionally sought a permanent injunction
governing LeBlanc’s conduct in regards to S.D.A.  The case proceeded through
discovery and mediation, and a final trial was set for April 6, 2009.

On March 31, 2009, Amos’s counsel, Christopher Dupuy,
filed a motion to withdraw.  In the motion, which was signed “agreed” by Amos,
Dupuy stated that he and Amos had developed “fundamental differences.”  The
motion further states that Amos “has secured, or is in the process of securing
new counsel,” and that such change of representation was not for purposes of
delay.

On the same day, March 31, 2009, Amos filed a pro se,
verified motion for continuance.  In this motion, Amos explained that he needed
“[a]dditional time to finalize new counsel” as well as time for new counsel to
become familiar with the case.  Amos asserted that the continuance was not
sought for purposes of delay, that this was the first request for a continuance
by either party, that neither party would be harmed by a 60-to-90 day continuance,
and that he would be substantially prejudiced if the continuance was not
granted.

The case was called for trial on April 6, 2009.  Dupuy
did not appear before the court.  Amos appeared and explained to the court that
he had not been able to contact Dupuy for the prior two months and that Dupuy
had not returned Amos’s emails, telephone calls, or “service.”  Amos further
stated that he had attempted to hire another attorney but that attorney refused
to represent him.  Apparently, the amicus attorney appointed to the case, Susan
Edmondson, had told the attorney that the judge would not grant a continuance.[2]  Amos said that he
had retrieved the case file from Dupuy on the previous Thursday and had managed
to look at some of it.  He explained: “I don’t interpret all of it, but I’m
trying to.”

Amos then urged the court to grant the previously filed
motion for continuance so that he could hire new counsel.  He indicated that
S.D.A would not return to school until August or September and that the case
could be resolved by then even with a 60-to-90 day continuance.  The judge
noted that a year-and-a-half was “an awful long time” for such a case to be
pending.  LeBlanc’s attorney opposed the continuance as not being in the best
interest of the child.  The amicus attorney concurred that the case had been
pending for too long and that proceeding to trial would be in the child’s best
interest.  Both LeBlanc’s attorney and the amicus attorney acknowledged that
they had received no communication from Dupuy for months prior to the trial
date.  They also both acknowledged that Dupuy had sent Amos to mediation by
himself two or three months previously.  Amos then reiterated that he had not
been able to reach Dupuy since the mediation.  He also again stated that even
though he had retrieved the case file, he desired new counsel and was still
trying to figure out how to prepare for a trial.

The judge then stated: “Well, as far as I’m
concerned, you’re still represented by counsel because I have not released Mr. Dupuy. 
We’ve called his office and ordered him here . . . .”[3]  At that point, the
judge decided to continue the discussion off the record.  Back on the record,
the judge indicated that rather than beginning trial immediately, only about 20
minutes before lunch recess, it would be better to start at 1 p.m.  The court ordered
Amos to return at 1 p.m. to begin trial.  

At the start of trial, Amos stated to the court that
he did not know how to question a witness.  During Amos’s questioning, opposing
counsel offered frequent objections.  The court sustained the majority of the
objections.  Near the end of the trial, LeBlanc’s attorney testified as to his
fees after Amos refused to agree to the attorney’s request for a stipulation.  The
amicus attorney then testified regarding the amount of her fees, which had
recently been established in a hearing before the court’s associate judge.  The
amicus noted that although Dupuy had filed an appeal with the district judge
regarding the determination of her fees by the associate judge, Dupuy had failed
to appear at the hearing on the appeal.  After the trial concluded in the same
afternoon on which it began, the trial court denied the relief Amos requested in
his motion to modify.  In addition, the court awarded attorney’s fees to
LeBlanc’s attorney and to the amicus attorney, with an order that the amicus
attorney’s fees be collectable as “child support arrearage.”

As stated above, in four issues, Amos contends that: (1)
the trial court erred in refusing to grant a continuance; (2) the award of
attorney’s fees to LeBlanc’s attorney was not supported by proper evidence; (3)
the award of fees to the amicus attorney was not supported by proper evidence;
and (4) the court erred in characterizing the award of attorney’s fees to the
amicus as “child support arrearage.”  We will begin by addressing the ruling on
the motion for continuance, and because of our resolution of that issue, we
need not address Amos’s remaining issues.

Motion for Continuance

In his first issue, Amos contends that the trial
court erred in denying his motion for continuance.  Although the court never
expressly denied the motion, the court implicitly overruled it by ordering Amos
to proceed to trial.  See Tex. R. App. P. 33.1(a)(2)(A) (requiring the
trial court to have “ruled on the request, objection, or motion, either
expressly or implicitly” to present a complaint for appellate review); see
also In re Z.L.T., 124 S.W.3d 163, 165 (Tex. 2003) (recognizing an
implicit ruling on a request for a bench warrant where the trial court proceeded
to trial without issuing a bench warrant or issuing a ruling on the request); In
re A.D.A., 287 S.W.3d 382, 387 (Tex. App.—Texarkana 2009, no pet.)
(acknowledging an implicit ruling on an oral motion for continuance made at the
beginning of a hearing by simply proceeding with the hearing).

When reviewing a trial court’s denial of a motion for
continuance, we consider whether the trial court committed a clear abuse of discretion. 
BMC Software Belg., N.V. v. Marchand, 83 S.W.3d 789, 800 (Tex. 2002).  A
trial court abuses its discretion if its decision is arbitrary, unreasonable,
and without reference to any guiding rules and principles.  In re E.L.T.,
93 S.W.3d 372, 375 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (citing Mercedes-Benz
Credit Corp. v. Rhyne, 925 S.W.2d 664, 666 (Tex. 1996)).  This court may
not substitute its judgment for the trial court’s, but must only determine
whether the trial court’s decision was so arbitrary as to exceed the bounds of
reasonable discretion.  Id. at 374.

In the trial court, Amos requested a continuance based
on the absence of his counsel on the day of trial.  The decision to grant a
continuance based upon the absence of counsel is generally within the trial
court’s discretion.  Tex. R. Civ. P. 253.  When the ground for continuance is
the absence of counsel, movants must show that the failure to be represented at
trial was not due to their own fault or negligence.  State v. Crank, 666
S.W.2d 91, 94 (Tex. 1984).  The trial judge is permitted to consider the entire
history of the case in deciding whether or not good cause exists for granting a
continuance.  Waste Water, Inc. v. Alpha Finishing & Developing Corp.,
874 S.W.2d 940, 942 (Tex. App.—Houston [14th Dist.] 1994, no pet.).

            Here, there was no
explanation given as to why Amos’s counsel, Dupuy, failed to show for trial.  The
trial judge had refused to grant Dupuy’s motion to withdraw and told Amos that
consequently, Dupuy still represented Amos.  Although the judge indicated that
Dupuy would be called and ordered to appear, nothing appears in the record
regarding any contact with Dupuy.  Amos explained to the court that he had
attempted to employ new counsel, but the attorney had declined representation based
on the unlikelihood of a continuance.  Amos additionally indicated that he had
only recently been able to retrieve his file from Dupuy’s office and had not
had time to prepare for a trial.  The court was informed that there had been no
previous continuances in the case.

It appears from this record that the fault for
Dupuy’s failure to show, and Amos’s consequent lack of counsel, lies with
Dupuy.  Cf. Villegas v. Carter, 711 S.W.2d 624, 626-27 (Tex. 1986)
(reversing denial of continuance where counsel withdrew shortly before trial
and failed to take reasonable steps to avoid prejudice to the client).  Amos had
made attempts to contact Dupuy and to obtain new counsel, even though Dupuy was
never released from representation in this case.

            Despite argument
by LeBlanc’s counsel and the amicus attorney to the contrary, we are not
persuaded that the best interests of the child were appropriately protected by
a speedy resolution in this case.  Amos made serious allegations against
LeBlanc relating to the welfare and safety of S.D.A.  It was not in the best
interest of the child for these allegations to be tried by an unprepared pro se
litigant whose counsel failed to appear on the day of trial.  See generally
Tex.  Fam.  Code § 153.002 (“The best interest of the child shall always be the
primary consideration of the court in determining the issues of conservatorship
and possession of and access to the child.”); In re A.R., 236 S.W.3d
460, 476 (Tex.  App.—Dallas 2007, no pet.) (citing trial court’s concern with
the best interest of the child in analyzing ruling on continuance).  The trial
court erred in denying a continuance for Amos to find new counsel or prepare
himself for trial.  Accordingly, we sustain Amos’s first issue.  We need not
consider Amos’s three additional issues which are overruled as moot.

We reverse the trial court’s judgment and remand for
further proceedings in accordance with this opinion.

                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

 

 

Panel consists of Chief Justice Hedges and Justices
Anderson and Christopher.

 









[1] The appellate record does
not contain a copy of the Original Petition Amos filed.  A copy of the First
Amended Petition has two file stamps on it: October 26, 2007 and January 7,
2008.  During an on-the-record discussion regarding the motion for continuance,
counsel for LeBlanc stated that the suit originated in “[l]ate 2007.” Amos
concurred, stating that it had been on file for a year-and-a-half by the time
of the April 6, 2009 trial date.

In the court’s prior decree, Amos and LeBlanc were
named joint managing conservators for S.D.A.  In his pleadings, Amos requested
that he be given the “exclusive right to designate the primary residence of the
child,” “consent to medical, dental, and surgical treatment,” receive child
support and disburse those funds for the child’s benefit, “represent the child
in legal action,” and “make decisions concerning the child’s education,” among
other things.  Essentially, Amos sought to be named sole managing conservator
of S.D.A.





[2] The record reflects that
Edmondson was before the court at that point and did not object or otherwise
respond to Amos’s statements regarding her contact with the attorney Amos
attempted to hire.





[3] The record reflects that
the trial court actually denied Dupuy’s March 31 motion to withdraw on the day
of trial, April 6, 2009.