Opinion issued May 3, 2012



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00018-CV

———————————

CHRISTOPHER DURAN,
Appellant

V.

LESLIE ANN SMITH, Appellee

 

 



On Appeal from the 245th District Court

Harris
County, Texas

Trial
Court Cause No. 2008-75793

 

 



MEMORANDUM OPINION

          Appellant,
Christopher Duran, challenges the trial court’s judgment, entered after a bench
trial, in favor of appellee, Leslie Ann Smith, in Duran’s suit against Smith seeking
appointment as the sole managing conservator of Duran and Smith’s minor child.  In three issues, Duran contends that he
received ineffective assistance of counsel,[1] the trial court erred in admitting
into evidence two police reports containing hearsay, and the trial court abused
its discretion in granting Smith sole managing conservatorship, awarding Smith
attorney’s fees and costs, and finding Duran in contempt of the trial court’s
orders.            

          We affirm.

Background

          In
his petition for divorce from Smith, Duran sought to be appointed sole managing
conservator of their minor child.  The
trial court conducted a bench trial during which it heard the testimony of
Duran, Smith, and several other witnesses presented by both parties.  After trial, the trial court entered a final
decree of divorce in which it dissolved Duran and Smith’s marriage, appointed
Smith sole managing conservator with possession of the child “at all times,” and
appointed Duran possessory conservator, subject to the conditions set forth in
a commitment order, which the trial court incorporated into the decree.   The trial court denied Duran access to the
child and required him, in its commitment order, to complete a drug
rehabilitation program, an anger management and batterer’s intervention and prevention
program, and a psychological evaluation. 
The trial court stated that, upon fulfillment of these terms, it would
conduct a review hearing to determine whether Duran should be granted access to
the child.   The trial court further ordered Duran to pay child
support and the attorney’s fees of Smith and the ad litem. 

Sole Managing Conservatorship

          In
his third issue, Duran argues that the trial court abused its discretion in appointing
Smith sole managing conservator of the child because the evidence demonstrated
that Smith was an “unfit parent and an incompetent role model,” the trial court
was “unduly swayed and prejudiced” by Duran’s “refusal to abide by certain
court . . . orders of visitation,” and the trial court’s decision was based
upon its consideration of inadmissible hearsay and exhibits.  Within this issue, Duran asserts that the
trial court abused its discretion in entering an order of contempt against him,
ordering that he be confined, requiring that he complete “rehabilitative
programs,” and assessing “all attorney’s fees and costs” against him.

          Although
Duran attempts to raise four separate sub-issues within his third issue, Duran’s
briefing on these sub-issues is limited to approximately one and one-half pages
of argument.  Within this argument
pertaining to the third issue, Duran does not provide a single citation to the
record.  Thus, Duran does not address, in
any specific detail, the testimony of six separate witnesses that the trial
court heard over the two-day bench trial. 
In regard to the sub-issue of contempt, Duran’s only argument is that
there were “great ambiguous allegations” and “no one seemed to understand what
the specific rules and orders of the court on the child visitation were.”  In regard to his attorney’s-fees challenge, Duran
does not include a single sentence pertaining to this legal issue.  The only issue even arguably preserved in
Duran’s third issue is his complaint that the trial court abused its discretion
in appointing Smith sole managing conservator. 
Accordingly, we hold that Duran has waived all other sub-issues for our
review.  See Tex. R.
App. P. 38.1(i).            

In determining issues of
conservatorship, “[t]he best interest of the child shall always be the primary
consideration” of the trial court.  Tex. Fam. Code Ann. § 153.002 (Vernon 2008); In re K.R.P., 80 S.W.3d 669, 674 (Tex. App.—Houston [1st Dist.]
2002, pet. denied). 
Trial courts have wide discretion with respect to custody, control,
possession, support, and visitation matters. 
Gillespie v.
Gillespie, 644 S.W.2d 449, 451 (Tex. 1982); In re K.R.P., 80 S.W.3d at 674.  Thus, we review a trial court’s decision on
custody for abuse of discretion.  Turner v. Turner, 47
S.W.3d 761, 763 (Tex. App.—Houston [1st Dist.] 2001, no pet.).  A trial court abuses its discretion when it
acts arbitrarily or unreasonably, or without reference to any guiding rules or
principles.  Id.  

Under an abuse-of-discretion
standard, legal and factual insufficiency are not independent grounds of error,
but rather are relevant factors in assessing whether the trial court abused its
discretion.  Bush v. Bush, 336 S.W.3d 722, 729 (Tex. App.—Houston [1st Dist.]
2010, no pet.); Stamper v. Knox, 254
S.W.3d 537, 542 (Tex. App.—Houston [1st Dist.] 2008, no pet.).  Within this standard, we determine whether
the trial court (1) had sufficient information on which to exercise its
discretion, i.e., we conduct the applicable sufficiency review, and (2) erred
in its application of discretion.   Stamper, 254 S.W.3d at
542.  

In a legal-sufficiency review, we
consider all of the evidence in the light most favorable to the verdict and
indulge every reasonable inference that would support it.  City of Keller v. Wilson, 168 S.W.3d 802, 822 (Tex. 2005).  We consider evidence favorable to the finding
if a reasonable fact finder could and disregard evidence contrary to the
finding unless a reasonable fact finder could not.  Id. at 827; Brown v. Brown,
236 S.W.3d 343, 348 (Tex. App.—Houston [1st Dist.] 2007, no pet.).  The fact finder is the sole judge of the
credibility of the witnesses and the weight to give their testimony.  Bush,
336 S.W.3d at 729.  The final test is “whether the evidence at
trial would enable reasonable and fair-minded people to reach the verdict under
review.”  City of Keller, 168 S.W.3d at 822.  

In a factual-sufficiency review, we
consider all the evidence supporting and contradicting the finding.  Plas-Tex, Inc. v. U.S. Steel Corp., 772
S.W.2d 442, 445 (Tex. 1989).  We
set aside the finding only if it is so contrary to the overwhelming weight of
the evidence as to be clearly wrong and manifestly unjust.  See
Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986).  In regard to whether the trial court abused
its discretion, we determine whether, based on the elicited evidence, the trial
court made a reasonable decision.  Stamper, 254 S.W.3d at
542.

Smith testified that Duran was
physically and mentally abusive to her and he subjected her to continuous
harassment.  She explained that she had
sought the assistance of law enforcement authorities in response to Duran’s
physical abuse and his refusal to abide by court orders.  Smith noted a specific incident of assault
when she and Duran, who had previously been convicted of the misdemeanor
offenses of harassment and assault, were exchanging their child.  Duran had pulled on her shoulder in a manner
that required her to seek treatment at a hospital.  And their child was present and witnessed
Duran abusing Smith.  Moreover, Duran, in
violation of prior court orders, had denied her visitation with the child on several
occasions.  Smith further noted that
Duran had a sporadic employment history and provided no financial support.  Smith denied ever abusing the child and
stated that she had a job and an apartment in which she and the child could
live.  She stated that she loved her
child and wanted conservatorship of the child. 
Additionally, Smith presented the testimony of a police officer who
confirmed that Duran had previously denied Smith access to the child in
violation of court orders.

Duran disputed Smith’s testimony
regarding his work history and his physical and mental abuse of Smith.  And Duran presented testimony concerning
Smith’s employment history, lifestyle choices, and substance abuse, all of
which the trial court could have considered in determining whose appointment
would be in the best interest of the child.   Duran also
presented the testimony of witnesses that characterized him as a loving and
attentive father.   Finally, Duran presented
the testimony of a witness who stated that, after being returned by her mother
following a visitation, the child had an abrasion on her face and the child reported
that Smith had hit her.  However, Smith’s
counsel and the ad litem elicited conflicting testimony regarding whether there
were any injuries to the child following the alleged incident, and Smith denied
Duran’s allegations that she had abused the child during this incident.  

The trial court was the sole judge
of the credibility of the witnesses and was free to credit Smith’s testimony on
conflicting matters.  Bush, 336 S.W.3d at
729.  In regard to Duran’s
conduct, the trial court was also free to believe Smith’s testimony that Duran
was abusive and had deliberately disregarded court orders to provide Smith with
access to the child.  The trial court was
also free to consider the testimony of the witnesses and documentation
indicating that Duran, contrary to court orders, continually denied Smith
access to the child.  Duran, on
cross-examination, admitted to denying Smith access, although he testified to
various reasons for denying such access. 
Duran’s testimony during the ad litem’s
cross-examination could also have caused the trial court concern over Duran’s
willingness to comply with any future orders regarding custody of the
child.  We conclude that Smith presented
legally- and factually-sufficient evidence from which the trial court, acting
as fact finder, could have found that appointing Smith as sole managing
conservator was in the best interest of the child.  Accordingly, we hold that the trial court did
not abuse its discretion in appointing Smith as sole managing conservator. 

We overrule Duran’s third issue. 

Ineffective Assistance

In his first issue, Duran argues
that he received ineffective assistance of counsel because his trial counsel did
not make an opening statement, prepare his witnesses, object to leading
questions, object to hearsay evidence or certain exhibits, object to the
introduction of a drug report or the temporary orders, object to the
introduction of various e-mails, object to a police officer “testifying from
the stand and actually reading from an offense report made by another police
officer,” offer any rebuttal witnesses, object to the evidence on attorney’s
fees, ask any questions of the ad litem regarding her attorney’s fees, or make
a final argument.  Duran also complains
that the trial court had to instruct his trial counsel not to discuss the case
with the witnesses.   

In response to Duran’s ineffective-assistance
claim, Smith first argues that there is no right to effective assistance of ounsel in “matters of child custody.”  We acknowledge that other Texas courts of
appeals have concluded that, at least in the general sense, the right to
effective assistance of counsel does not extend to conservatorship proceedings.  See In
re G.J.P., 314 S.W.3d 217, 222–23 (Tex. App.—Texarkana 2010, pet. denied)
(stating that Texas courts had not previously addressed whether “the recognized
right to effective assistance of counsel for cases involving the termination or
severance of parental rights also extend[s] to cases in which only
conservatorship is decided”; further stating that “main rationale for importing
the right to effective assistance of counsel into” civil parental-rights
termination proceedings “does not exist in a case where the severance” of
parental right “is not implicated”); In
re A.J.M., No. 05–10–00920–CV, 2011 WL 2207103, at *1 (Tex. App.—Dallas
June 8, 2011, no pet.) (mem.
op.) (stating that appellant cited no authority, and
court was aware of none, that recognized right of effective assistance on issues
of conservatorship during divorce proceedings,); In re M.J., No. 09–09–00355–CV, 2010 WL 3042438, at *4 (Tex.
App.—Beaumont Aug. 5, 2010, no pet.) (mem.
op.) (stating that in context of divorce proceedings that resulted in award of
“standard visitation” to father, court, in “absence of a constitutional or
statutory provision granting a right to appointed counsel,” declined to
recognize “a right to effective assistance of counsel to a dispute resolving
the division of possession between joint managing conservators”); In re V.N.S., No. 13-07-00046-CV, 2008
WL 2744659, at *5 (Tex. App.—Corpus Christi July 3, 2008, no pet.) (mem. op.) (stating
that, in context of proceedings to modify parental rights, parent had “no
constitutionally protected right to effective assistance of counsel”); see also In re A.D.A., 287 S.W.3d 382, 390 (Tex.
App.—Texarkana 2009, no pet.) (stating that even if
father had standing to raise ineffective assistance of counsel claim regarding
child’s attorney ad litem in conservatorship proceeding, father failed to make
any showing of harm).

Here, Duran complains of an order
and decree in which he was found to have committed criminal contempt.  Pursuant to the decree and commitment order,
he was committed to the Harris County Jail for a significant period of
confinement, and, after his eventual release from confinement, he was ordered
to complete, among other things, an in-patient drug rehabilitation
program.  He was also denied any access
to his child.  The trial court further
ordered that it would conduct a review hearing to consider whether Duran should
be granted any access to the child only after he had fulfilled several
conditions.  Since neither party has made
any meaningful effort to discuss the case law and statutes relevant to our
analysis of whether the right to effective assistance of counsel applies in the
instant case, and since the record amply demonstrates that any such claim would
fail, we assume without deciding that such a claim may be brought.   

Proving ineffective assistance of
counsel requires a showing that (1) counsel made errors so serious that counsel
was not functioning as “counsel” guaranteed by the Sixth Amendment and (2) the
deficient performance of counsel prejudiced the defense in a manner “so serious
as to deprive the defendant of a fair trial, a trial whose result is reliable.”
 In
re H.R.M., 209 S.W.3d 105, 111 (Tex. 2006) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052 (1984);
In re M.S., 115 S.W.3d 534, 545 (Tex.
2003)).  In adopting the Strickland test for parental-rights
termination cases, the Texas Supreme Court has explained that, “taking into
account all of the circumstances surrounding the case,” a court “must primarily
focus on whether counsel performed in a reasonably effective manner.”  In re M.S., 115 S.W.3d at 545. A court “must give great
deference to counsel’s performance, indulging a strong presumption that
counsel’s conduct falls within the wide range of reasonable professional
assistance, including the possibility that counsel’s
actions are strategic.”  Id.  Challenged conduct constitutes ineffective
assistance only when it is “so outrageous that no competent attorney would have
engaged in it.”  Id.

The record demonstrates that
Duran’s counsel engaged in extensive and detailed examinations and
cross-examinations, as applicable, of the witnesses.   Duran’s counsel presented his client’s
testimony, as well as the testimony of three other witnesses, in support of Duran’s
request that he be appointed the child’s sole managing conservator.   During the bench trial, neither Duran’s nor
Smith’s counsel made formal opening statements or closing arguments, and there
is no indication in the record as to why each party elected not to make formal
statements or arguments.  The record
further reflects that all trial counsel asked leading questions during the
proceedings, and the trial court warned both Duran’s and Smith’s counsel’s
regarding the use of leading questions.  

Duran offers no explanation as to
why the trial court would not have been entitled to consider its own temporary
orders and Duran’s alleged violation of those orders in awarding
conservatorship.  Duran also offers no
explanation as to why the telephone conversations and e-mails containing his
statements and admitted into evidence would have been inadmissible had his
trial counsel objected.  Duran’s counsel
may have simply chosen not to object to the admission of many of the admitted exhibits
because he determined that the exhibits ultimately would have been ruled
admissible had any challenges been asserted. 
 

In regard to the testimony of Houston
Police Department Officer M. Moses, he explained that he responded to a call
for assistance regarding “interference with child custody” on July 5,
2009.  Although  Moses agreed that he was not the initial
responding officer and did not prepare the offense report, Moses explained that
he went to the scene because Duran had requested that the responding officer
summon a supervisor.  Moses reviewed the offense
report and testified that it contained a true and accurate representation of
what occurred at the scene.  Duran does
not challenge Moses’s ability to testify as to what he actually observed at the
scene, and the record indicates that Moses’s testimony was cumulative of much
of the information contained within the offense report.  Moses’s testimony also reflects that he
personally spoke with Duran after receiving the call for assistance and he
worked with Duran to resolve the situation. 
Ultimately, Moses informed Duran that the officers would not arrest
Smith in response to his allegations that Smith had outstanding warrants for
her arrest.  Moses also informed Duran
that the child custody order granting Smith access to the child appeared to be
valid and Duran should provide Smith with custody of the child.  Moses explained that after Duran had refused
to turn the child over to Smith, he called the Harris County District
Attorney’s office to see if the State would accept criminal charges against
Duran for interference with child custody. 
Duran’s counsel likely had no basis on which to object to Moses’s
testimony concerning the basic facts of the incident, and he may have
determined that it would have been less damaging to allow the admission of the offense
report into evidence rather than requiring more live testimony.  

Officer Moses also testified
concerning another police offense report prepared on July 19, 2009 in response
to a similar incident in which he was not directly involved.  However, this second incident was discussed
only briefly during the trial, and Duran’s counsel
could have determined that any objection to this second report would simply have
resulted in Smith presenting more detailed and damaging evidence from a second
police officer. 

In regard to the presentation of
witnesses, although the record reveals that Duran’s trial counsel did not have
his witnesses immediately available upon the commencement of testimony, the
record further reveals that Duran’s counsel, after examining Smith, presented
the testimony of several witnesses who offered testimony favorable to Duran’s
efforts to obtain conservatorship.  Duran
does not assert that he was precluded from offering the testimony of any
additional, specific witnesses, and he does not identify any rebuttal witnesses
that he contends should have testified. 
Nor does Duran identify any topics on which rebuttal testimony would
have been helpful.

Finally, in regard to attorney’s
fees, Duran does not contend that the fees testified to by both Smith’s counsel
and the ad litem were unreasonable or excessive.  Duran also does not identify on what basis
his counsel should have objected to their testimony regarding attorney’s
fees.  The record reflects that Smith’s
counsel testified to incurring $14,000 in attorney’s fees and the ad litem
testified that she was owed an outstanding balance of $8,000 in attorney’s
fees.  Duran’s counsel may have
determined that the amounts testified to by both counsel were reasonable and
supported by the evidence.   We note that
Duran’s counsel was also permitted to offer his testimony in support of his
request for attorney’s fees, which totaled approximately $10,000, and neither
Smith’s counsel nor the ad litem objected to the testimony.

In sum, we conclude that Duran has
not demonstrated that his counsel provided ineffective assistance.  Considering the circumstances surrounding the
case, none of Duran’s complaints, “individually or combined, overcomes the
strong presumption that counsel’s conduct falls within the wide range of
reasonable professional assistance.”  In re H.R.M., 209 S.W.3d
at 111.  Moreover, Duran has not
demonstrated that his counsel’s alleged failures to present additional
witnesses and exhibits, make objections to leading questions or hearsay, or
make an opening statement and closing argument “prejudiced the case, deprived
him of a fair trial, or produced an unreliable result.”  Id.  Accordingly, we hold that, even assuming that
Duran is entitled to make a claim of ineffective assistance of counsel, he has
not shown that he received such ineffective assistance.

We overrule Duran’s first issue.

Hearsay

In his second issue, Duran argues
that the trial court erred in admitting into evidence the July 5, 2009 and July
19, 2009 police offense reports concerning the two instances in which police
officers responded to the custody dispute between Duran and Smith.

We review a trial court’s decision
to admit or exclude evidence for an abuse of discretion.  In re J.P.B., 180 S.W.3d 570, 575 (Tex. 2005).  To obtain reversal of a judgment based on
error in the admission or exclusion of evidence, an appellant must show that
the trial court’s ruling was in error and the error (1) probably caused the
rendition of an improper judgment or (2) probably prevented the appellant from
properly presenting the case to the court of appeals.  Tex.
R. App. P. 44.1.   In determining if the excluded evidence
probably resulted in the rendition of an improper judgment, we review the
entire record, and, “[t]ypically, a successful
challenge to a trial court’s evidentiary rulings requires the complaining party
to demonstrate that the judgment turns on the particular evidence excluded or
admitted.”  Interstate Northborough P’ship
v. State, 66 S.W.3d 213, 220 (Tex. 2001).  Ordinarily, we will not reverse a judgment
because a trial court erroneously excluded evidence when the evidence in
question is cumulative and not controlling on a material issue dispositive to
the case.  Id.

The July 5, 2009 offense report
contains information cumulative of Moses’s direct testimony.  The report also contains a summary of Smith’s
and Duran’s statements that they provided to the police officers at the
scene.   Both Duran and Smith also
testified concerning Duran’s refusal to provide Smith access to the child.  The July 19, 2009 report is labeled a “supplemental”
report and contains a very brief summary of Smith’s allegations that she was
being denied access to the child contrary to the terms of a court order.  Much of the information contained in both of
these reports was cumulative of Officer Moses’s testimony and of the testimony
presented by both Duran and Smith.  The
reports themselves were discussed only briefly on the record.  We conclude that, to the extent the trial court
erred in admitting any portions of these reports, such error did not probably
cause the rendition of an improper judgment or prevent Duran from properly
presenting the case to this Court.  See Tex.
R. App. P. 44.1.  Accordingly, we
hold that any error in the admission of the reports did not constitute
reversible error.

We overrule Duran’s second issue.

Conclusion

          We affirm
the judgment of the trial court. 

 

 

                                                                    Terry Jennings

                                                                   Justice 

 

Panel
consists of Justices Jennings, Massengale, and Huddle.











[1]           See
U.S. Const. amends. VI, XIV.